No. 1-22-1328

Order filed August 18, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Respondent-Appellee, | ) | |
| | ) | |
| v. | ) | No. 2017 CR 02675 |
| | ) | |
| TORIANO COLLINS, | ) | Honorable |
| | ) | James Michael Obbish, |
| Petitioner-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justice Lyle concurred in the judgment. Justice Mitchell dissented.

**ORDER**

¶ 1    ***Held*:** We reverse defendant's armed habitual criminal conviction because a conviction
for an offense he committed when he was a minor does not qualify as a predicate offense.
We reduce the conviction to unlawful possession of a weapon by a felon and remand for
resentencing.

¶ 2                                 BACKGROUND

¶ 3    Defendant Toriano Collins was charged with unlawful possession of a weapon by a felon

(UUWF), which was elevated to the more serious crime of armed habitual criminal (AHC)

because, when he committed the UUWF, he had already been convicted of two qualifying predicate offenses: a 2013 drug crime and a 2015 gun offense. He now argues that, due to a legislative amendment, his 2013 conviction did not qualify as a predicate offense, and therefore the AHC conviction cannot stand because there was only one qualifying predicate offense. We reverse the AHC conviction, reduce it to UUWF, and remand for resentencing.

¶ 4                                      FACTS

¶ 5     In 2013, Collins was convicted of delivery of a controlled substance in case number 13 CR 12839. Collins was 17 years old when he committed that offense. In 2015, he was convicted of UUWF in case number 15 CR 00095. In this third prosecution, Collins was charged with UUWF and convicted of AHC on the basis of his two prior convictions. In defendant's first appeal, we affirmed his 10-year AHC sentence over his contention that the circuit court improperly relied on evidence not presented at trial in aggravation in imposing the sentence. Further details regarding the procedural and factual history are set forth in that decision. *People v. Collins*, 2021 IL App (1st) 182399-U.

¶ 6     On January 19, 2022, Collins filed a petition for relief pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401) (West 2020)). In support of the petition, Collins argued that one of the two prior offenses—the 2013 controlled substance conviction—did not qualify as a predicate offense because he was only 17 years old when he committed that offense. At that time, 17-year-old defendants were prosecuted as adults for such offenses. However, under the 2014 amendment to the Juvenile Court Act (Act), such defendants would now be prosecuted in juvenile court, and juvenile offenses do not qualify as predicate offenses under the AHC statute. Collins contended that the 2014 amendment applied retroactively. Therefore, Collins argued, his

controlled substance conviction did not qualify as a predicate offense, and his AHC conviction must be reduced to UUWF.

¶ 7     The circuit court issued a written opinion dismissing Collins' petition. The court held that the amendment to the Act did not apply retroactively. This appeal followed.

¶ 8                                    ANALYSIS

¶ 9     On appeal, Collins makes the same argument as he did in his section 2-1401 petition: because his 2013 conviction did not qualify as a predicate offense under the new law, which applies retroactively, his AHC conviction must be reversed.

¶ 10     We first address two threshold matter raised by the State. The State urges us to dismiss this appeal because Collins' section 2-1401 petition was untimely filed. It is true that petitions brought under section 2-1401 must generally be filed within two years after entry of judgment. 735 ILCS 5/2-1401(c), (f) (West 2022); *People v. Thompson*, 2015 IL 118151, ¶¶ 28-29. However, timeliness is an affirmative defense that must be raised in the circuit court; otherwise, it is forfeited. *People v. Cathey*, 2019 IL App (1st) 153118, ¶¶ 14-19. The record does not indicate that the State ever raised this argument in the circuit court. As the State has forfeited its timeliness argument, we will honor its forfeiture and decline to dismiss Collins' petition on that ground.

¶ 11     The State also argues that it "appears" that it did not receive proper service of Collins' section 2-1401 petition. This argument is unpersuasive. " 'The object of process is to notify a party of pending litigation in order to secure his appearance.' " *People v. Ocon*, 2014 IL App (1st) 120912, ¶ 23 (quoting *Professional Therapy Services, Inc. v. Signature Corp.*, 223 Ill. App. 3d 902, 910 (1992)). In considering whether a party provided sufficient notice, courts focus not on formalities, but whether the "object and intent of the law were substantially attained thereby." (Internal quotation marks omitted.) *Ocon*, 2014 IL App (1st) 120912, ¶ 23 (quoting *Professional*

*Therapy Services*, 223 Ill. App. 3d at 910–11 (quoting *In re Marriage of Wilson*, 150 Ill. App. 3d (1986), quoting *Fienhold v. Babcock*, 275 Ill. 282, 289–90 (1916)). Here, the State concedes that an assistant state's attorney appeared in a status call during which the petition was discussed. The record contains no indication that the State objected to service in the court below. As the State appeared, the object and intent of the law were attained. By appearing in court, the State waived any challenge it may have had regarding service. Accordingly, we decline to dismiss the petition on that ground.

¶ 12    That brings us to the merits. Ultimately, this case revolves around an issue of statutory interpretation. We review the construction of statutory language *de novo*. *People v. Jones*, 2023 IL 127810, ¶ 22 (citing *People v. Gonzalez*, 239 Ill. 2d 471, 479 (2011)).

¶ 13    Section 24-1.7 of the Criminal Code provides, in relevant part, as follows:

"A person commits the offense of being an armed habitual criminal if he

***possesses*** any firearm after having been convicted a total of 2 or more times of

any combination of the following offenses:

***

*** unlawful use of a weapon by a felon***

*** [and] any violation of the Illinois Controlled Substances Act *** that is

punishable as a Class 3 felony or higher." 720 ILCS 5/24-1.7 (West 2016).

¶ 14    This case involves the interplay of the Criminal Code and the Act. Until the end of 2013, minors could be charged under the Criminal Code as adults for certain crimes. A 2014 amendment to the Act changed that practice. As of January 1, 2014, with a few exceptions not relevant here, "no minor who was under 18 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." 705 ILCS 405/5-120 (West 2016). The question before us

is thus whether the 2014 amendment to the Act require us to reverse Collins' AHC conviction and remand his case to the circuit court for resentencing.

¶ 15    Our research has revealed four recent, similar cases in which our court interpreted the effect of the amendment at issue. We look to these for guidance in resolving the appeal before us.

¶ 16    In *People v. Gray*, 2021 IL App (1st) 191086, a jury found the defendant guilty of being an armed habitual criminal. *Id.* ¶ 6. One of the two predicate offenses that formed the basis for that conviction was a narcotics crime that Gray committed in 2002 when he was 17 years old. *Id.* Gray appealed the AHC conviction, arguing that the narcotics conviction could not support the AHC charge because he was a juvenile at the time of the narcotics offense, and under the statutes now in effect, his offense would be tried in juvenile court, outside the jurisdiction of the criminal courts. *Id.* ¶ 9. We reversed his AHC conviction, reasoning that because at the time of the AHC charge in 2016, Gray could not have been convicted of the narcotics crime he was found guilty of in 2002; he would have been prosecuted in juvenile court for that offense. Therefore, it did not qualify as a predicate offense necessary for an AHC conviction. *Id.* ¶ 16. We note that on November 30, 2022, our supreme court granted a petition for leave to appeal in *People v. Gray* (Ill., Nov. 30, 2022).

¶ 17    In *People v. Dawson*, 2022 IL App (1st) 190422, a jury found the defendant guilty of being an armed habitual criminal. *Id.* ¶ 1. Both of the predicate offenses were armed robberies that Dawson committed in 2013 at the age of 17. *Id.* ¶ 11. Dawson appealed the AHC conviction, arguing that neither robbery conviction could support the AHC charge because he was a juvenile at the time of both offenses. *Id.* ¶ 15. We reduced Dawson's AHC conviction to the lesser included offense of aggravated unlawful use of a weapon. *Id.* ¶ 67. We concluded that the State had not met its burden of proof—beyond a reasonable doubt—in showing that Dawson had two qualifying adult convictions under the law in effect at the time of his AHC charge. *Id.* ¶ 48. That is, though

Dawson did have two adult convictions prior to the 2014 amendment, the State did not prove that those convictions would still be classified as adult convictions after the amendment came into force. Accordingly, the AHC conviction could not stand.

¶ 18    *People v. Williams*, 2020 IL App (1st) 190414, did not deal with an AHC conviction, but it did consider whether a crime convicted by a 17-year-old could qualify as a predicate offense to qualify him for Class X sentencing. *Id.* ¶¶ 1, 13. Therefore, we find the decision instructive. In that case, defendant was convicted of robbery in 2018, and the State advised the court of the defendant's mandatory Class X sentencing based on two prior convictions: a 2014 robbery and a 2013 burglary, the latter having been committed when he was 17 years old. *Id.* ¶ 11. We vacated Williams' Class X sentencing and remanded his case for resentencing. *Id.* ¶ 24. We reasoned that, had Wiliams committed the 2013 burglary at the time of the 2018 robbery, he would have been adjudicated as a juvenile, and that offense would not have qualified as a predicate offense for Class X sentencing. *Id.* ¶ 21.

¶ 19    However, the court in *People v. Irrelevant*, 2021 IL App (4th) 200626, reached a different conclusion. In that case, the defendant committed a burglary in 1983 when he was 17 years old, and argued that could not qualify as a predicate offense for his AHC conviction. *Id.* ¶ 20. The court disagreed, stating that it would be "speculative to assume defendant would not have been subject to a discretionary transfer had he committed his 1983 offense in 2016 at the age of 17." *Id.* ¶ 38.

¶ 20    We find the statutory interpretation and analyses of the decisions in *Gray*, *Dawson*, and *Williams* persuasive, we adopt their reasoning as our own, and we use them to resolve this appeal. Here, as in those cases, the defendant was 17 years old when he committed an offense that qualified as a predicate offense that led to his armed habitual criminal conviction. However, shortly after he was convicted of the predicate offense, an amendment to the Juvenile Court Act removed minors,

with a few exceptions not relevant here, from the jurisdiction of the adult criminal courts. Thus, under the amendment, Collins could not have been convicted of the controlled substance crime as that would have been adjudicated in juvenile court. Because Collins was a minor at the time of one of the prior offenses, it did not qualify as a predicate offense sufficient for the AHC conviction to stand.

¶ 21    In so holding, we note our concern that, notwithstanding the apparent split in appellate authority, the circuit court followed the precedent from the Fourth District rather than the two precedents from this district. The circuit court was required to follow our decisions in *Gray* and *Williams*, as they were already decided when the court issued its decision denying Collins' petition for relief on April 22, 2022. Under *stare decisis*, courts are required to follow the decisions of higher courts. *O'Casek v. Children's Home and Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008). When these decisions are in conflict, the circuit court must follow the precedent of the appellate court of its district. *Schramer v. Tiger Athletic Ass'n of Aurora*, 351 Ill. App. 3d 1016, 1020 (2004).

¶ 22    In *Gray* and *Williams*, we held that an offense committed by a 17-year-old well before the 2014 amendment did not qualify as a predicate offense. Based on that precedent, the circuit court here was compelled to find that Collins' controlled substance offense he committed at age 17 did not qualify as a predicate offense for an AHC conviction. In sum, while the circuit court may have disagreed with the reasoning and outcome of the appeals in *Gray* and *Williams*, and was free to express its disagreement with them, it was required to follow their holdings under *stare decisis*.

¶ 23                                 CONCLUSION

¶ 24    For these reasons, we reduce Collins' AHC conviction to the lesser included offense of UUWF and remand for resentencing. See, *e.g.*, *People v. Dawson*, 2022 IL App (1st) 190422, ¶ 67.

¶ 25    Reversed and remanded.

¶ 26    JUSTICE MITCHELL, dissenting:

¶ 27    The majority opinion does what the General Assembly specifically declined to do: it makes retroactive the 2014 amendment to the Juvenile Court Act raising the age limit for prosecution in adult criminal court from 17 to 18. That amendment is prospective only and applies to "violations or attempted violations *committed on or after* [January 1, 2014,] the effective date of this amendatory Act." (Emphasis added.) 705 ILCS 405/5-120 (West 2014). As such, the 2014 amendment can have no application to our defendant Toriano Collins's 2013 felony conviction for delivery of a controlled substance. Having been convicted of two qualifying predicate felonies (from 2013 and 2015), Collins stands properly convicted of armed habitual criminal.

¶ 28    For this reason, I respectfully dissent. I would affirm Collins's conviction and sentence.