# Illinois Official Reports

## Supreme Court

***People v. Gray*, 2024 IL 127815**

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DEMETRIUS GRAY, Appellee. |
| Docket No. | 127815 |
| Filed | March 21, 2024 |
| Modified upon denial of rehearing | May 28, 2024 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Mary Margaret Brosnahan, Judge, presiding. |
| Judgment | Appellate court judgment reversed. Cause remanded. |
| Counsel on Appeal | Kwame Raoul, Attorney General, of Springfield (Jane Elinor Notz, Solicitor General, and Katherine M. Doersch and Michael L. Cebula, Assistant Attorneys General, of Chicago, of counsel), for the People.<br><br>James E. Chadd, State Appellate Defender, Douglas R. Hoff, Deputy Defender, and Anna C. Carlozzi, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee. |

Sharone R. Mitchell Jr., Public Defender, of Chicago (Aaron Goldstein, Deputy Public Defender, and Jim Jacobs and Ross K. Holberg, Assistant Public Defenders, of counsel), *amicus curiae*.

Justices          JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Chief Justice Theis and Justices Neville, Overstreet, Holder White, Cunningham, and Rochford concurred in the judgment and opinion.

## OPINION

¶ 1      Defendant, Demetrius Gray, was convicted of the offense of being an armed habitual criminal. Defendant appealed, and the appellate court reversed defendant's conviction, holding that the prosecution failed to prove that defendant had two prior qualifying felony convictions. We granted the State's petition for leave to appeal. We find that the evidence was sufficient to convict defendant of the offense of being an armed habitual criminal; thus we reverse the appellate court's judgment and remand to the appellate court for further proceedings.

¶ 2                                    BACKGROUND

¶ 3      Defendant was charged by indictment with a number of felonies for an incident that occurred on June 10, 2016. Count I charged defendant with the offense of being an armed habitual criminal in violation of section 24-1.7(a) of the Criminal Code of 2012 (Code) (720 ILCS 5/24-1.7(a) (West 2016)) for possessing a firearm after having been convicted of unlawful use of a weapon by a felon (case No. 07-CR-2070201) and the manufacture or delivery of a controlled substance (case No. 02-CR-0277401). Counts II through XII charged defendant with various unlawful use of a weapon felonies (*id.* §§ 24-1.1(a), 24-1.6(a)). Defendant was also charged with misdemeanor aggravated assault with a firearm (*id.* § 12-2(c)(1)).

¶ 4      Prior to trial, the State filed a motion *in limine* that sought, *inter alia*, to introduce evidence of defendant's criminal history for impeachment purposes. The State sought to introduce evidence of two prior convictions, both convictions pursuant to a guilty plea in 2008. The first conviction was for unlawful use of a weapon by a felon (case No. 07-CR-2070201), the same offense that was charged in the indictment as one of the underlying felonies for the charge of being an armed habitual criminal. The second conviction was for the manufacture and delivery of cannabis in a school zone (case No. 07-CR-2016301). At the hearing on the motion *in limine*, defense counsel noted that, during the State's case-in-chief, defense counsel planned to have the court instruct the jury that defendant had two qualifying felonies for the offense of being an armed habitual criminal, rather than have the State present specific details of the offenses. The Cook County circuit court granted the State's motion *in limine* as to the two prior felonies at issue. Thus, if defendant chose to testify, the State could introduce evidence of the two prior felonies for impeachment purposes.

- 2 -

¶ 5    At the conclusion of the hearing on the motion *in limine*, the trial court confirmed that defendant had been apprised of the State's final plea offer to defendant. Defendant acknowledged that the offer had been presented to him and that he had rejected the plea offer.

¶ 6    The State proceeded to a jury trial only on count I, dismissing all of the remaining counts *nolle prosequi*. Just prior to trial, defendant attempted to plead guilty under the terms of the State's final plea offer. However, after several exchanges regarding the plea, the trial court ultimately did not accept the plea, finding that defendant's plea was not knowing and voluntary.

¶ 7    At the jury trial, Chicago police officer Fernando Moctezuma testified that during the evening hours of June 10, 2016, he was on patrol with Chicago police officer Matthew Moore. While driving in the area of 73rd Street and South Paulina Street around 9 p.m., an adult female flagged them down. The female appeared frantic and was waving and yelling. Moore, who was driving, pulled the patrol car over. The female was pointing at a parked tan Pontiac and stating, "he's got a gun." Moctezuma testified that, as he approached the Pontiac on the passenger side, Moctezuma could see an adult male, who was identified in court as defendant, in the passenger seat. The passenger door was open, and the windows of the vehicle were not tinted. Moctezuma testified that he saw defendant reaching into the glove compartment of the vehicle. Moctezuma yelled for defendant to get out of the vehicle and stop moving. Defendant exited the vehicle and walked toward Moctezuma. At that point, Moctezuma detained defendant and completed a protective pat down, placing defendant in handcuffs. Moctezuma proceeded to the open vehicle passenger door, where he observed the glove compartment was open and there was a small chrome handgun in the glove compartment. Moctezuma testified that there was a female sitting in the driver's seat of the vehicle and children seated in the back seat.[1]

¶ 8    Moctezuma and Moore questioned defendant at the police station. After defendant was read his rights, defendant stated that he had found the handgun a few days earlier and defendant planned to turn it in for cash. Detective Kenneth Kamien testified that he interviewed defendant at the police station. Defendant told Kamien that defendant had acquired the handgun two days earlier, when he witnessed two men leave the handgun in an alley. Defendant retrieved the handgun, planning to turn it in for cash. Defendant told Kamien that, on June 10, defendant had left the handgun with his father while defendant went with his family to the beach. Defendant's girlfriend drove defendant to retrieve the handgun from defendant's father. After retrieving the handgun, defendant engaged in a verbal and physical altercation outside his father's apartment before getting back in the vehicle. During that altercation, defendant's shirt lifted up, revealing the handgun in defendant's waistband. Defendant then returned to his girlfriend's vehicle and placed the handgun in the glove compartment.

¶ 9    The parties stipulated that defendant "ha[d] two prior qualifying felony convictions for the purposes of sustaining the charge of armed habitual criminal." The stipulation did not specify the particular convictions. The trial court informed the jury of the purpose and effect of a stipulation:

> "It's an agreement between the parties as to whatever fact or facts you are about to hear. ***

___

[1]It was stipulated at trial that the Pontiac belonged to Sharita Williams.

The only thing about a stipulation is this: Both sides are in complete agreement as to whatever fact or facts you're about to hear. So, during your deliberations whatever is the subject of the stipulation is really nothing you have to decide because both parties are telling you we agree to this fact or facts. ***

*** You give it the same weight as though it came from the witness stand. This is evidence."

¶ 10 After all the evidence was presented, the jury was instructed:

"A person commits the offense of armed habitual criminal when he, having been convicted of two qualifying felony offenses, possesses a firearm.

To sustain the charge of armed habitual criminal the State must prove the following propositions:

First, that the defendant knowingly possessed a firearm; and second, that the defendant has previously been convicted of two qualifying felony offenses."

¶ 11 The jury was then instructed that it should only consider as evidence "the testimony of the witnesses, stipulations, and the exhibits which the Court has received."

¶ 12 The jury was further informed regarding the effect of the stipulation in the State's closing argument, where the prosecutor stated:

"We all know that the defendant has previously been convicted of two qualifying felony offenses. We are all in agreement to that. The State, the defense, we all agree. You heard the stipulation. That's not an issue."

¶ 13 After deliberating, the jury found defendant guilty of the armed habitual criminal charge. Defendant filed a motion for a new trial, followed by a supplemental motion for a new trial or judgment of acquittal. Neither motion raised any argument regarding the stipulation that the prior convictions were qualifying convictions for purposes of being an armed habitual criminal. Both motions were denied. The trial court sentenced defendant to nine years in prison. Defendant's motion to reconsider his sentence was denied, and defendant appealed.

¶ 14 In the appellate court, defendant raised, *inter alia*, a sufficiency of the evidence claim, arguing that the State failed to prove beyond a reasonable doubt that defendant had the necessary predicate convictions for an armed habitual criminal conviction because defendant was 17 years old at the time of one of the predicate offenses alleged in the indictment. The appellate court reversed defendant's conviction. The appellate court acknowledged that defendant was not contesting the sufficiency of the evidence that defendant possessed a firearm. Also, defendant was not contesting that he was convicted and punished for a felony in 2002. Rather, defendant contended that his 2002 conviction could not support the armed habitual criminal charge because defendant was a juvenile at the time of the 2002 offense and, under statutes now in effect, his 2002 offense would not subject him to the jurisdiction of the criminal courts. The appellate court relied on cases interpreting the Class X sentencing statute (730 ILCS 5/5-4.5-95(b) (West 2016)), concluding that the State failed to prove that defendant's 2002 conviction was for conduct that " 'is punishable' " as a felony because the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/5-120 (West 2016)) had been amended and defendant's 2002 conviction would now be deemed a delinquency adjudication in juvenile court. 2021 IL App (1st) 191086, ¶¶ 12-13. There was no discussion as to the effect of the stipulation at trial or whether defense counsel was ineffective for so stipulating.

¶ 15 This court allowed the State's petition for leave to appeal on November 30, 2022. See Ill. S. Ct. R. 315 (eff. Oct. 1, 2021). We granted leave to the Law Office of the Cook County Public Defender to file an *amicus curiae* brief in support of defendant's position. See Ill. S. Ct. R. 345 (eff. Sept. 20, 2010).

¶ 16                                                    ANALYSIS

¶ 17 The State contends that the evidence at trial was sufficient to prove the elements necessary to convict defendant of being an armed habitual criminal. Specifically, the State argues that the evidence at trial established that defendant possessed a firearm and the parties stipulated that defendant had "two prior qualifying felony convictions for the purposes of sustaining the charge of armed habitual criminal." The State argues that defendant's sufficiency claim, which rests on the argument that one of the stipulated convictions was not a prior qualifying felony conviction because it might be adjudicated in juvenile court if defendant committed it at the same time as the current offense, fails for several reasons. We begin our analysis with the reason that we find to be determinative in this case: the stipulation itself provided sufficient evidence of defendant's prior qualifying convictions, so there was no need to present evidence in support of the stipulated fact of defendant's prior qualifying offenses.

¶ 18 Defendant contends that the evidence was insufficient to convict him of being an armed habitual criminal because he has not been convicted of two prior qualifying offenses, given that he was 17 years old at the time he committed one of his predicate offenses. Defendant contends that his age at the time of the allegedly qualifying conviction was a fact that had to be considered when determining whether the prior offense qualified as a conviction under the armed habitual criminal statute. Defendant argues that, under the law in effect in 2016, he would have been tried and adjudicated as a juvenile for the 2002 offense, so the 2002 conviction was not a qualifying conviction under the armed habitual criminal statute. To reach this conclusion, defendant asks this court to construe the language of the armed habitual criminal statute in light of the 2014 amendments to the Juvenile Court Act.

¶ 19 Before reaching the merits, we first address defendant's contention that the State forfeited any argument based on the stipulation because the State did not raise the issue in the appellate court or in its petition for leave to appeal. The State was the appellee in the appellate court but the appellant in this court.

> "It is well settled that where the appellate court reverses the judgment of the trial court, and the appellee in that court brings the case to this court as appellant, that party may raise any issues properly presented by the record to sustain the judgment of the trial court, even if the issues were not raised before the appellate court." *People v. Artis*, 232 Ill. 2d 156, 164 (2009).

Thus, the State has not forfeited its argument based on the stipulation.

¶ 20 The standard that this court employs when faced with a challenge to the sufficiency of the evidence is well established. When considering such a challenge, a reviewing court must determine " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *People v. Bush*, 2023 IL 128747, ¶ 33 (quoting *People v. Collins*, 106 Ill. 2d 237, 261 (1985)). The offense of being an armed habitual criminal requires proof that a defendant "receive[d], s[old], possesse[d], or transfer[red] any firearm after having been

convicted" of two or more felonies as delineated in the statute. 720 ILCS 5/24-1.7(a) (West 2016). The delineated felonies are:

"(1) a forcible felony as defined in Section 2-8 of this Code;

(2) unlawful use of a weapon by a felon; aggravated unlawful use of a weapon; aggravated discharge of a firearm; vehicular hijacking; aggravated vehicular hijacking; aggravated battery of a child as described in Section 12-4.3 or subdivision (b)(1) of Section 12-3.05; intimidation; aggravated intimidation; gunrunning; home invasion; or aggravated battery with a firearm as described in Section 12-4.2 or subdivision (e)(1), (e)(2), (e)(3), or (e)(4) of Section 12-3.05; or

(3) any violation of the Illinois Controlled Substances Act or the Cannabis Control Act that is punishable as a Class 3 felony or higher." *Id.* § 24-1.7(a)(1), (2), (3).

¶ 21 In this court, as in proceedings in the appellate court, defendant does not contest the sufficiency of the evidence that he possessed a firearm. After reviewing the evidence submitted at trial, we agree that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that defendant possessed the firearm recovered from the glove compartment of the Pontiac beyond a reasonable doubt. The arresting officer's vehicle stopped to investigate a report of a man with a handgun, and the officers were directed to defendant, who was seated in the vehicle with the door open. The arresting officer observed defendant placing something in the glove compartment and then observed the handgun in the glove compartment. Defendant also admitted to police officers that he had recently found the handgun and that he had placed the handgun in the glove compartment.

¶ 22 Having found that the evidence was sufficient to prove the possession aspect of the offense of being an armed habitual criminal, the question is whether the evidence was sufficient to prove that defendant had been convicted of two or more of the felonies delineated in the armed habitual criminal statute. "The State was required to introduce sufficient evidence to establish beyond a reasonable doubt that defendant had the necessary qualifying felonies to establish defendant's guilt of [the offense of being an armed habitual criminal]." *People v. Carter*, 2021 IL 125954, ¶ 41. Defendant does not challenge his conviction of unlawful use of a weapon by a felon (case No. 07-CR-2070201). Rather, defendant's sole challenge is to the other conviction alleged in the indictment: his conviction for the 2002 offense of manufacture or delivery of a controlled substance (case No. 02-CR-0277401).

¶ 23 Defendant argues that, despite the stipulation, the evidence failed to prove that he had two qualifying convictions. On its face, defendant's 2002 conviction is a qualifying conviction for the offense of being an armed habitual criminal. The manufacture or delivery of a controlled substance is a violation of the Illinois Controlled Substances Act that is punishable as a Class 3 felony or higher (720 ILCS 570/401 (West 2002)), which is a qualifying felony under the armed habitual criminal statute (720 ILCS 5/24-1.7(a)(3) (West 2016)).

¶ 24 Defendant contends that his 2002 conviction could not be used as a qualifying conviction because he was only 17 years old when he committed that crime and the 2014 amendments to the Juvenile Court Act redefined the exclusive jurisdiction of the juvenile court to apply to those defendants who commit offenses prior to their eighteenth birthday. See Pub. Act 98-61, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-120). The State contends that the Juvenile Court Act is not relevant; a conviction is a conviction, and defendant's age was not a fact before the trial court. The State argues that the stipulation provided sufficient evidence of

defendant's prior qualifying convictions, so there was no need to present further evidence in support of the stipulated fact of defendant's prior qualifying offenses.

¶ 25    The court below agreed with defendant and concluded that, since the 2014 amendment to the Juvenile Court Act, the State needed to prove that defendant was at least 18 years old at the time of each qualifying offense or that defendant merited transfer to the criminal courts under the restrictive provisions for such transfer. 2021 IL App (1st) 191086, ¶ 15. The court below held that, since the State failed to prove that defendant's 2002 conviction for the manufacture or delivery of a controlled substance was for conduct that " 'is punishable' " as a Class 3 or higher felony as of the date of the current offense in 2016, the State failed to prove that defendant had the two requisite prior convictions. *Id.* ¶ 16.

¶ 26    The court below did not address the effect of the stipulation, which we find to be determinative of the matter before this court. " 'A stipulation is conclusive as to all matters necessarily included in it' [citation] and '[n]o proof of stipulated facts is necessary.' " *People v. Woods*, 214 Ill. 2d 455, 469 (2005) (quoting 34 Ill. L. and Prac. *Stipulations* §§ 8, 9 (2001)). After stipulating to facts, a defendant is precluded from attacking or otherwise contradicting those stipulated facts. *People v. Polk*, 19 Ill. 2d 310, 315 (1960). When a defendant, by stipulation, "waive[s] the necessity of proof of all or part of the case which the People have alleged against him," "he cannot complain of the evidence which he has stipulated into the record." *Id.*

¶ 27    We conclude that defense counsel's stipulation provided sufficient evidence to convict defendant of the offense of being an armed habitual criminal. Defendant did not merely stipulate to the admission of certified copies of his prior convictions or that he had been convicted of specified felonies. Rather, defendant stipulated that he had "two prior qualifying felony convictions for the purposes of sustaining the charge of armed habitual criminal." Defendant's stipulation established the facts that defendant had been convicted of two prior felonies *and* that those felonies were qualifying felonies, *i.e.*, the felonies were for offenses as defined in section 24-1.7(a)(1), (2), or (3) of the armed habitual criminal statute (720 ILCS 5/24-1.7(a)(1), (2), (3) (West 2016)). *Cf. Carter*, 2021 IL 125954, ¶ 41 (certified copy of aggravated battery conviction, absent proof of great bodily harm or permanent disability or disfigurement, was insufficient to prove a forcible felony conviction under the armed habitual criminal statute). The stipulation satisfied the State's obligation to prove those facts.

¶ 28    Since defense counsel stipulated that defendant had the two requisite convictions, thereby removing the State's obligation to provide evidence of the two convictions, defendant cannot directly attack the evidence. See *People v. Villarreal*, 198 Ill. 2d 209, 227 (2001) (because defense counsel submitted verdict forms that were used, defendant was in no position to claim he was prejudiced thereby).

> "[W]hen a defendant procures, invites, or acquiesces in the admission of evidence, even though the evidence is improper, she cannot contest the admission on appeal. [Citations.] This is because, by acquiescing in rather than objecting to the admission of allegedly improper evidence, a defendant deprives the State of the opportunity to cure the alleged defect." *People v. Bush*, 214 Ill. 2d 318, 332 (2005).

Since defendant's sole challenge is to the sufficiency of the evidence and we have found the stipulation to be determinative, we do not have cause to address defendant's arguments regarding the statutory interpretation of the armed habitual criminal statute and the effect of

*People v. Stewart*, 2022 IL 126116 (relying on a subsequent amendment to recidivism sentencing provisions to discern legislative intent to find that conviction for offense committed when defendant was 17 years old was not a qualifying offense for Class X sentence).

¶ 29 Although defendant cannot directly attack the sufficiency of the evidence, defendant may argue that his counsel's agreement to the stipulation constituted ineffective assistance of counsel. *Villarreal*, 198 Ill. 2d at 228. A claim of ineffective assistance of counsel is analyzed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

> "To demonstrate ineffective assistance of counsel, a defendant must show that (1) the attorney's performance fell below an objective standard of reasonableness and (2) the attorney's deficient performance prejudiced the defendant in that, absent counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different." *People v. Jackson*, 2020 IL 124112, ¶ 90.

¶ 30 Defendant contends that there was no reasonable trial strategy that would justify the stipulation. As for prejudice, defendant contends that, if the 2002 offense was not a qualifying conviction, then the State failed to prove defendant guilty of being an armed habitual criminal beyond a reasonable doubt.

¶ 31 The State makes two arguments in response. First, the State maintains that, under the plain language of the armed habitual criminal statute, defense counsel was reasonable in stipulating to the conviction or at least was not unreasonable due to the state of the law at the time of defendant's trial. Second, the State maintains that, even if we were to find it was unreasonable for counsel to stipulate to the 2002 conviction, the defendant cannot show prejudice because the defendant had been convicted of other qualifying felonies that the State could have presented as evidence to establish the necessary prior convictions required under the statute.

¶ 32 A defendant must show both unreasonable performance and prejudice to prevail on a claim of ineffective assistance of counsel; defendant cannot prevail if he fails to show one or the other. *People v. Simpson*, 2015 IL 116512, ¶ 35. Defendant concedes in his appellee brief before this court that he has a 2008 Class 3 felony conviction under the Cannabis Control Act (720 ILCS 550/1 *et seq.* (West 2008)). Such a conviction is a specified qualifying conviction under the armed habitual criminal statute. See 720 ILCS 5/24-1.7(a)(3) (West 2016). Since defendant cannot show that, but for the deficiency in counsel's representation, there is a reasonable probability the trial result would have been different, he cannot prevail on a claim of ineffective assistance of counsel in making the stipulation.

¶ 33                                              CONCLUSION

¶ 34 We find that, between the evidence presented at trial and the stipulation, a rational trier of fact could have found the essential elements of the charge of being an armed habitual criminal beyond a reasonable doubt. In addition, since defendant cannot show prejudice, his claim of ineffective assistance of counsel in making the stipulation failed. Accordingly, the judgment of the appellate court is reversed, and defendant's conviction and sentence for the offense of being an armed habitual criminal are reinstated. We remand the matter to the appellate court for consideration of defendant's remaining claims.

¶ 35      Appellate court judgment reversed.

¶ 36      Cause remanded.