2024 IL App (1st) 220991-U

No. 1-22-0991

Filed April 25, 2024

Fourth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 CR 9493 |
| | ) | |
| SHERMAN HAWKINS, | ) | Honorable |
| | ) | James B. Linn |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Hoffman and Ocasio concurred in the judgment.

**ORDER**

¶ 1        *Held*: Defendant's conviction for armed habitual criminal affirmed when he stipulated to the requisite predicate convictions.

¶ 2        Sherman Hawkins was charged by indictment with being an armed habitual criminal (AHC), two counts of aggravated unlawful use of a weapon (AUUW), and one count of unlawful use of a weapon by a felon (UUWF). Each count was premised on the allegation that Hawkins possessed a firearm on August 29, 2020. The AHC count alleged that Hawkins had previously been convicted of UUWF, committed in 2016, and a 2013 robbery.

¶ 3        Hawkins filed a motion to dismiss the AHC count before trial. He contended that the 2013 robbery could not serve as one of the two requisite predicate convictions for AHC and therefore the AHC count failed to state an offense. Hawkins relied on a 2014 amendment (Amendment) to the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-1 *et seq*. (West 2020)), which raised the juvenile court's exclusive jurisdiction from minors under age 17 to those under age 18. See Public Act 98-61, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-120). Hawkins was 17 years old at the time of the 2013 robbery. He reasoned that, as a result of the Amendment, the robbery charge did not qualify as a predicate conviction because the same robbery charge for a 17-year-old in 2020 would have resulted in a juvenile adjudication of delinquency, rather than an adult criminal conviction. To support his argument, Hawkins cited, *inter alia*, *People v. Gray*, 2021 IL App (1st) 191086, where the court employed similar reasoning to conclude that a defendant's conviction for delivery of a controlled substance committed at age 17 in 2002 could not serve as a predicate offense for an AHC offense committed in 2016.

¶ 4        Initially, the circuit court agreed and granted Hawkins's motion to dismiss the AHC count. On reconsideration, however, the court denied Hawkins's motion, reasoning that the Amendment did not apply retroactively to offenses committed before the Amendment's effective date.

¶ 5        The case proceeded to a jury trial. Chicago Police Officer Sean Driscoll testified that he was monitoring police observation device (POD) cameras in the 15th Police District in the early morning hours of August 29, 2020. Around 1:40 a.m., Officer Driscoll noticed a group of 10 to 15 people gathered on the street on the 4900 block of West Hubbard Street. One individual—an African American male wearing a baseball hat turned to the side, a white tank top, and black jogging pants—caught Officer Driscoll's attention. Officer Driscoll observed this individual walk to a parked car and return toward the group. As he walked, the individual kept his right hand inside

his waistband and appeared to be holding an object in that hand. Officer Driscoll suspected the individual was concealing a handgun and relayed his observations to other officers.

¶ 6        Officer Jonathan Diaz testified that he received a description of the individual that Officer Driscoll suspected of possessing a handgun and a report of the location where that individual was observed. Along with other officers, Officer Diaz proceeded by car to the 4900 block of West Hubbard Street and observed Hawkins, whom he identified in court, standing on the sidewalk. Officer Diaz believed Hawkins matched the description provided by Officer Driscoll. Upon Officer Diaz's arrival, Hawkins began walking away. Within moments, Hawkins was apprehended by Officer Tyler, who was wearing a body worn camera (BWC). Officer Diaz observed Hawkins holding a firearm in his hand. As Officer Tyler approached him, Hawkins threw the handgun to the ground, where Officer Diaz immediately retrieved it. Officer Diaz identified Hawkins and the handgun in still photos and video from Officer Tyler's BWC. He also identified the handgun in court along with the extended magazine, which was in the handgun when it was recovered, containing 10 bullets.

¶ 7        The parties stipulated to the handgun's chain of custody and that it was an operable .45 caliber semi-automatic pistol. They also stipulated that Hawkins "had been previously convicted of two qualifying felony offenses under the laws of Illinois."

¶ 8        After the jury was excused, Hawkins's attorney informed the court that the stipulation to qualifying offenses was based on the court's pretrial ruling denying the motion to dismiss the AHC count. The court then remarked as follows:

"We had a lengthy pretrial motion and hearing. Defense [counsel] is absolutely objecting to the admissibility of a conviction that Mr. Hawkins had when he was 17 years old. He

was tried as an adult for that, albeit under the law as it is today, he would have gone to Juvenile Court *** They objected to that.

But in light of the fact that we are on trial now and the Defense wanted to avail itself of a remedy that is available in these situations to stipulate to the priors so the jury doesn't know exactly what the priors are, because that may be prejudicial *** That may sound troubling to the jury *** They are still objecting.

The objection is timely made. Made. Preserved. Stipulation to the prior in no way indicates that they are acknowledging the Court's ruling. They are acknowledging the fact that that conviction is out there, but they are not stipulating to its admissibility. They are still arguing that it's inadmissible."

¶ 9    Hawkins elected not to testify and presented no evidence. Following closing arguments, the jury returned guilty verdicts on all three counts. The court later sentenced him to a prison term of nine years. Hawkins filed a timely notice of appeal.

¶ 10    On appeal, Hawkins argues that the State failed to prove he had two qualifying prior convictions to sustain a conviction for AHC. He contends, as he did before the trial court, that his conviction for a robbery committed at age 17 in 2013 did not qualify as a predicate offense due to the subsequent Amendment. Hawkins does not challenge whether the State proved that he possessed a firearm.

¶ 11    Under the Criminal Code of 2012 (Code):

"A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of the following offenses:

(1) a forcible felony as defined in Section 2-8 of this Code;

(2) unlawful use of a weapon by a felon ***; or

(3) any violation of the Illinois Controlled Substances Act or the Cannabis Control Act that is punishable as a Class 3 felony or higher." 720 ILCS 5/24-1.7(a) (West 2020).

Robbery is among the enumerated offenses defined as a forcible felony. 720 ILCS 5/2-8 (West 2020).

¶ 12    Hawkins relies primarily on the majority decision in *People v. Dawson*, 2022 IL App (1st) 190422, which followed the prior appellate decision in *Gray* to conclude that a defendant's AHC conviction could not stand when the predicate offenses were robberies committed at age 17, before the Amendment. Hawkins contends that his case presents an identical issue and should be resolved likewise, reducing his conviction to the lesser included offense of UUWF and remanding for resentencing. *Id*. ¶ 67.

¶ 13    However, *Dawson* does not control the outcome of this case. Our supreme court recently reversed the appellate decision in *Gray*, albeit on different grounds, but the supreme court's decision nonetheless controls the outcome here. *People v. Gray*, 2024 IL 127815. The supreme court affirmed Gray's AHC conviction on the grounds that he stipulated that he had " 'two prior qualifying felony convictions for the purposes of sustaining the charge of armed habitual criminal.' " *Id*. ¶ 27. The court found the stipulation determinative of whether the State had proven the requisite prior convictions to sustain an AHC conviction. *Id*. ¶ 26. The stipulation was dispositive because "[a]fter stipulating to facts, a defendant is precluded from attacking or otherwise contradicting those stipulated facts." *Id*. (citing *People v. Polk*, 19 Ill. 2d 310, 315 (1960)). In other words, a defendant cannot stipulate that they were previously convicted of a predicate offense and later argue that the State failed to prove that predicate offense.

¶ 14    Here, the State asserts that Hawkins's stipulation has the same effect. We agree. The supreme court's decision in *Gray* requires that we find the State proved Hawkins guilty of AHC. Hawkins objected to the admissibility of his 2013 robbery conviction, but the name of the offense or any specific facts or circumstances about it were never admitted into evidence. Rather, only the fact that Hawkins "had been previously convicted of two qualifying felony offenses under the laws of Illinois" was admitted. Once that fact was stipulated, the names, nature, and other facts about the convictions were no longer at issue. By so stipulating, the State satisfied its burden to prove Hawkins had two predicate convictions for AHC. While the trial court noted Hawkins's objection and stated that he had preserved the issue,[1] *Gray* holds that the stipulation precludes any further challenge to the fact stipulated.

¶ 15    Although the stipulation is dispositive here, we observe that the rule can be harsh. A defendant situated as Hawkins faces a Sophie's choice.[2] The defendant must either (1) stipulate to qualifying convictions, preventing the jury from hearing evidence about prior crimes, but forfeit his challenge or (2) maintain that his prior conviction did not qualify, preserving the issue, but allowing the jury to hear evidence that, as the trial court noted, may be prejudicial. With that predicament in mind, we explain that we would affirm Hawkins's conviction even if he had not stipulated to prior qualifying convictions.

¶ 16    Whether convictions for offenses committed by 17-year-old defendants prior to the Amendment qualify as predicate convictions for AHC is not a settled issue in Illinois law. See

---

[1]Hawkins preserved the issue regarding whether the trial court erred in denying his pretrial motion to dismiss the AHC count. The claim was included in his motion for new trial, but Hawkins does not raise it on appeal.

[2]Sophie's choice is defined as "an extremely difficult decision a person has to make. It describes a situation where no outcome is preferable over the other. This can be either because both outcomes are equally desirable or both are equally undesirable."
Dictionary.com, https://www.dictionary.com/e/slang/sophies-choice/ (last visited April 22, 2024).

*People v. Irrelevant*, 2021 IL App (4th) 200626 (finding such a conviction does qualify); *People v. Wallace*, 2023 IL App (1st) 200917 (same);[3] *Dawson*, 2022 IL App (1st) 190422 (finding the opposite). Resolution requires statutory interpretation.

¶ 17      When interpreting statutes, our primary objective is to ascertain and give effect to the legislature's intent. *People v. Davidson*, 2023 IL 127538, ¶ 14. The best indicator of legislative intent is the plain and ordinary meaning of the statutory language. *Id*. When a statute is clear and unambiguous, we will apply it as written without resort to aids of statutory construction. *Id*. "We will not depart from the plain statutory language by reading into it exceptions, limitations, or conditions that conflict with the expressed intent of the legislature." *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 56. "No rule of construction authorizes this court to declare that the legislature did not mean what the plain language of the statute imports, nor may we rewrite a statute to add provisions or limitations the legislature did not include." *People v. Smith*, 2016 IL 119659, ¶ 28.

¶ 18      In relevant part, the AHC statute requires that the offense occur "after [the defendant] having been convicted a total of 2 or more times of any" of the offenses enumerated in subdivisions (a)(1) through (a)(3). 720 ILCS 5/24-1.7(a) (West 2020). " '[H]aving been convicted' is a perfect passive participle construction and is used to emphasize that a first action (here, a conviction) has been completed before the second action begins (being found an armed habitual criminal)." *Wallace*, 2023 IL App (1st) 200917, ¶ 33. The plain, ordinary, and unambiguous meaning of "having been convicted," as used in the AHC statute, simply leads to an inquiry of whether the defendant has at least two prior convictions for offenses included in the listed categories.

---

[3]*Wallace* was decided after completion of briefing in this case. We granted the State's motion to cite *Wallace* as well as Hawkins's motion to cite *People v. Collins*, 2023 IL App (1st) 221328-U, which followed *Dawson*.

"Grammatically, it is the equivalent of saying, 'if he/she *was* convicted.' " (Emphasis in original.) *Id*. Thus, if a defendant was convicted of a forcible felony, as Hawkins was, before committing the act giving rise to the AHC charge, that conviction qualifies. The statute expresses no exception, limitation, or condition such that some forcible felony convictions qualify as predicate offenses and others do not.

¶ 19      Hawkins argues that the words "of this Code" following "a forcible felony as defined in Section 2-8" in subdivision (a)(1) signify a present tense, referring to the time of the conduct underlying the AHC charge. He further contends that "this Code" in 2020 would include the 2014 amendment to the Juvenile Court Act, which would give the Juvenile Court exclusive jurisdiction over a 17-year-old charged with robbery. In other words, had Hawkins committed the robbery in 2020, he would have received a juvenile adjudication, not an adult criminal conviction.

¶ 20      We cannot adopt Hawkins's reasoning. The Amendment expressly provided that "[t]he changes made to this Section by [the 2014 amendment] apply to violations or attempted violations committed on or after the effective date of this amendatory Act [(January 1, 2014)]." 705 ILCS 405/5-120 (West 2020). Since Hawkins committed robbery in 2013, the Amendment has no effect on the legal proceedings that followed from it. The "Code" referred to in subsection (a)(1) of the AHC statute is the Criminal Code of 2012. 720 ILCS 5/1-1 (West 2020). Robbery is a forcible felony under that Code. 720 ILCS 5/2-8 (West 2020). Thus, the robbery Hawkins committed in 2013 remains an adult criminal conviction, not a juvenile adjudication. Hawkins attempts to avoid this reality by having us consider a hypothetical and counterfactual robbery, as though it were committed in 2020 instead of 2013. But Hawkins's robbery conviction is not hypothetical. He committed it in 2013, not 2020. And he was 24 in 2020, not a juvenile. Hawkins's argument

attempts to apply the Amendment retroactively in spite of the legislature's clearly expressed intent that the amendment applies only prospectively.

¶ 21        The present tense aspect of subsection (a)(1) is concerned only with whether the offense of conviction remains defined as a forcible felony under the Criminal Code of 2012 as amended. To exclude an otherwise qualifying prior conviction based on the defendant's age at the time of commission reads an exception, limitation, and condition into the AHC statute that the legislature did not express in either the AHC statute or the Amendment. Thus, we agree that "all that matters is that defendant had a conviction, and that conviction was for an offense described in subsection (a)(1) at the time defendant committed the underlying conduct which resulted in the armed habitual criminal charge." *Irrelevant*, 2021 IL App (4th) 200626, ¶ 36.

¶ 22        A comparison with the general recidivism statute is also instructive. For a defendant to be found a habitual criminal or to be subject to enhanced class X sentencing based on prior convictions, the legislature has expressly provided that "the first offense [must have been] committed when the person was 21 years of age or older." See 730 ILCS 5/5-4.5-95(a)(4)(E), (b)(4) (West 2020). Thus, this language clearly distinguishes between convictions based on the defendant's age at the time of the offense's commission. Those committed after the defendant reached a certain age implicate the sentencing enhancements provided in the statute and convictions committed before that age do not. Moreover, the statute demonstrates that the legislature knows how to express whether the defendant's age at the time of a prior conviction affects the status of that conviction in future criminal proceedings. No similar language appears in the AHC statute. When the legislature uses certain language in one place and not in another, we presume the legislature intended different meanings and results. *People v. Goossens*, 2015 IL 118347, ¶ 12; *People v. Clark*, 2019 IL 122891, ¶ 23. Therefore, we conclude that the legislature

did not intend to make the age at which a defendant committed an offense a qualifying factor for predicate convictions under the AHC statute.

¶ 23     For these reasons, we find that Hawkins was properly convicted of AHC and affirm the judgment of the circuit court.

¶ 24     Affirmed.