2024 IL App (1st) 220827-U

THIRD DIVISION
June 20, 2024

No. 1-22-0827

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 19 CR 10131 |
| | ) | |
| ALYASA BROWN, | ) | Honorable |
| | ) | Vincent M. Gaughan, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Affirming defendant's conviction for armed habitual criminal where his trial counsel's stipulation as to his prior convictions did not constitute ineffective assistance.

¶ 2    Following a bench trial, defendant Alyasa Brown was convicted of being an armed habitual criminal (AHC), *i.e.*, possessing a firearm after having been convicted of two prior qualifying offenses (720 ILCS 5/24-1.7 (West 2020)), and he was sentenced to nine years in prison.  Defendant challenges his conviction, arguing that neither of his prior convictions for two armed robberies—each committed when he was 16 years old—qualified as a "conviction" under the AHC statute based on an amendment to the jurisdictional provisions of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-1 *et seq.* (West 2016)), which became

effective in 2016. Citing the recent decision of the Illinois Supreme Court in *People v. Gray*, 2024 IL 127815, discussed further below, defendant contends that his trial counsel was ineffective for stipulating that he had qualifying convictions. For the reasons stated herein, we affirm.

¶ 3                                          BACKGROUND

¶ 4       Defendant was arrested in 2008 and charged with armed robbery while armed with a firearm (720 ILCS 5/18-2(a)(2) (West 2010)) and other offenses in two separate cases (08 CR 12767 and 08 CR 12768). At the time of each incident, defendant was 16 years old. He was convicted of armed robbery in each case and sentenced to concurrent prison terms of 21 years. Following his release from prison, defendant was arrested after an incident on July 3, 2019.

¶ 5       Defendant was in the passenger seat of a vehicle which was pulled over by an Illinois State Trooper in the early morning hours of July 3, 2019, after the trooper noticed that the driver was not wearing a seatbelt. Defendant owned the vehicle; the trooper confirmed that defendant had a valid driver's license and insurance. Upon detecting the odor of marijuana and observing cannabis residue on defendant's lap, the trooper directed him to exit from the vehicle and performed a pat-down, which did not reveal any contraband on defendant's person. When questioned by the trooper, defendant indicated that there was a marijuana "blunt" in the vehicle. The trooper then examined the vehicle and recovered a loaded firearm from under the passenger seat. Defendant did not have a Firearm Owner's Identification card or a concealed carry license.

¶ 6       Defendant was indicted in a five-count complaint for AHC (720 ILCS 5/24-1.7 (West 2020)), two counts of unlawful use or possession of a weapon by a felon (720 ILCS 5/24-1.1 (West 2020)), and two counts of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6 (West 2020)). The AHC count referenced defendant's two prior armed robbery convictions related to

2

the 2008 incidents. After defendant filed a motion to quash arrest and suppress evidence—which the trial court denied—the matter proceeded to a bench trial on the AHC count.[1]

¶ 7    The trooper who effectuated the traffic stop testified, in part, regarding his recovery of the handgun; a certified abstract of the vehicle registration was also submitted to the trial court. The parties stipulated that defendant "has two qualifying felony convictions."[2] After the State rested, the trial court denied defendant's motion for a directed finding. Defendant did not testify or otherwise present evidence. The trial court found defendant guilty of AHC.

¶ 8    Defendant moved to vacate the judgment and for a new trial, arguing that his proximity to the firearm was insufficient to establish constructive possession for purposes of the AHC statute. The trial court denied the motion and sentenced defendant to 9 years in prison and 18 months of mandatory supervised release. His motion to reconsider sentence was also denied, and defendant timely filed this direct appeal.

¶ 9                                ANALYSIS

¶ 10    On appeal, defendant initially challenged the sufficiency of the evidence, *i.e.*, he argued that the State failed to prove him guilty of AHC as the prior offenses on which it relied were not qualifying offenses. Defendant's argument is premised on changes to the Juvenile Court Act.

¶ 11                        *Juvenile Court Act*

¶ 12    Article 5 of the Juvenile Court Act addresses delinquent minors. Section 5-120 states that "no minor who was under 18 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State," except as provided in specified provisions of

---

[1] The other counts were nol-prossed.

[2] The assistant State's attorney stated, in part, that "there is a stipulation by and between the parties in this case that the defendant *** has two qualifying felony convictions." Defense counsel then stated, "So stipulated for the purpose of the charges in this case." The trial court indicated that the stipulation was allowed and moved into evidence.

the Juvenile Court Act, including section 5-130. 705 ILCS 405/5-120 (West 2022).[3] At the time

that defendant committed the armed robberies at age 16 in 2008, section 5-130—which addresses

"[e]xcluded jurisdiction"—provided that the definition of a delinquent minor "shall not apply to

any minor who at the time of an offense was at least 15 years of age" and who was charged with

certain enumerated crimes, including "armed robbery when the armed robbery was committed

with a firearm." 705 ILCS 405/5-130 (West 2008). As defendant accurately observes, the law in

effect in 2008 "required that he be automatically prosecuted in adult criminal court." An

amendment to section 5-130 which became effective in 2016, however, removed armed robbery

as a basis for exclusion from the jurisdiction of the juvenile court. Compare 705 ILCS 405/5-

130 (West 2014) and 705 ILCS 405/5-130 (West 2016).[4]

¶ 13                            *Parties' Arguments on Appeal*

¶ 14    Given that the 2016 amendment removed armed robbery from the list of offenses which

served as bases for adult criminal prosecution, defendant maintained that his convictions for

armed robberies committed in 2008 when he was 16 years old would not be considered

"convictions" and could not serve as predicate offenses for his AHC offense in 2019.

He acknowledged that his trial counsel had stipulated that his armed robbery convictions were

qualifying convictions under the AHC statute. Defendant argued, however, that even if his

challenge to the sufficiency of the evidence was forfeited, his counsel was ineffective for

entering the stipulation and for failing to contest the use of the prior offenses.

---

[3] We note that an amendment to the Juvenile Court Act which became effective in 2014 changed the age for juvenile court jurisdiction from 17 to 18, *i.e.*, providing that 17-year-olds generally could no longer be prosecuted under the criminal laws of Illinois. Compare 705 ILCS 405/5-120 (West 2012) and 705 ILCS 405/5-120 (West 2014).

[4] The amendment also raised the age from 15 years old to 16 years old for those individuals excluded from the jurisdiction of the juvenile court. Compare 705 ILCS 405/5-130 (West 2014) and 705 ILCS 405/5-130 (West 2016).

¶ 15    In its appellee brief, the State responded that defendant was properly convicted of AHC, as he possessed a firearm and stipulated to his qualifying prior convictions.  According to the State, the fact that defendant was 16 years old at the time of the armed robberies had no impact on their use as predicate offenses for the AHC offense.  The State alternatively argued that the appeal should be held in abeyance while the Illinois Supreme Court "considers this precise issue" in *People v. Gray*, No. 127815, 199 N.E.3d 1171 (Table) (Nov. 30, 2022).  After the completion of briefing, we entered an order staying this appeal pending a dispositive ruling in *Gray*.

¶ 16    On March 21, 2024, our supreme court issued an opinion in *Gray*, which was subsequently modified upon denial of rehearing.  *People v. Gray*, 2024 IL 127815.  The defendant in *Gray* had argued that the State failed to prove beyond a reasonable doubt that he had the necessary predicate convictions for an AHC conviction as he was 17 years old at the time of one of the predicate offenses alleged in the indictment.  *Id.* ¶ 14.  The appellate court reversed the defendant's AHC conviction, concluding that his earlier conviction would now be deemed a delinquency adjudication in juvenile court, based on an amendment to the Juvenile Court Act. *Id.*  In reversing the judgment of the appellate court and remanding for further proceedings, the Illinois Supreme Court concluded that defense counsel's stipulation to the prior qualifying offenses was "determinative of the matter," *i.e.*, the stipulation provided sufficient evidence to convict the defendant of being an AHC.  *Id.* ¶¶ 26, 27, 34.  Although the defendant could not directly attack the sufficiency of the evidence, our supreme court found that he could argue that his counsel's agreement to the stipulation constituted ineffective assistance of counsel.  *Id.* ¶ 29. Our supreme court concluded, however, that the defendant could not prevail on a claim of ineffective assistance, as he conceded in his appellate brief that he had another adult felony conviction which could serve as a qualifying offense under the AHC statute.  *Id.* ¶ 32.

¶ 17    Following the Illinois Supreme Court decision in *Gray*, we granted defendant's request for supplemental briefing to address the impact of the decision on this case.  In his supplemental briefs, defendant conceded that his trial counsel stipulated that his prior convictions were qualifying offenses, and thus he could not challenge that evidence on appeal based on *Gray*. Defendant argues, however, that his attorney was ineffective for stipulating to an element of AHC.  According to defendant, his attorney's decision to stipulate was "particularly illogical" given that defendant did not have a jury trial and thus was not concerned about jurors convicting him based on his prior convictions.  The State maintains that under the plain language of the AHC statute, defendant's armed robbery convictions in adult court were qualifying prior convictions, and therefore his claim of ineffective assistance must fail.

¶ 18                              *Ineffective Assistance of Counsel*

¶ 19    An ineffective assistance of counsel claim is subject to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *People v. Hatter*, 2021 IL 125981, ¶ 25.  "Under *Strickland*, a defendant must establish that counsel's performance fell below an objective standard of reasonableness and the defendant was prejudiced by counsel's substandard performance."  *People v. Agee*, 2023 IL 128413, ¶ 50.  See *People v. Bew*, 228 Ill. 2d 122, 127-28 (2008) (stating that "[a] defendant, to establish deficiency, must prove that counsel's performance, as judged by an objective standard of competence under prevailing professional norms, was so deficient that counsel was not functioning as the 'counsel' guaranteed by the sixth amendment").

¶ 20    Defendant asserts that his attorney was ineffective for stipulating to an element of AHC, *i.e.*, his qualifying offenses.  The State maintains that defense counsel did not perform deficiently and defendant was not prejudiced, since the admission of his armed robbery convictions as

6

predicate convictions for AHC was proper. As discussed below, if the State's interpretation of the AHC statute is correct, then defendant's ineffective assistance claim cannot succeed.

¶ 21                                *Statutory Interpretation Principles*

¶ 22    Our analysis requires that we interpret the AHC statute. "The fundamental rule of statutory interpretation is to ascertain and give effect to the legislature's intent, and the best indicator of that intent is the statutory language, given its plain and ordinary meaning." *People v. Hartfield*, 2022 IL 126729, ¶ 68. The statute must be considered as a whole; we must construe words and phrases "relative to other pertinent statutory provisions," not in isolation. *Id.* "Unless the language of a statute is ambiguous, a court should not resort to further aids of construction and must apply the statute as written." *People v. Clark*, 2019 IL 122891, ¶ 26. The construction of a statute is a question of law subject to *de novo* review (*id.* ¶ 17), meaning that we perform the same analysis that a trial court would perform. *Mitchell v. Michael's Sports Lounge*, 2023 IL App (1st) 220011, ¶ 26.

¶ 23                                      *The AHC Statute*

¶ 24    The AHC statute provides, in pertinent part, that a person commits the offense of being an armed habitual criminal if he possesses any firearm "after having been convicted a total of 2 or more times of any combination of the following offenses." 720 ILCS 5/24-1.7(a) (West 2020). The statute then sets forth three enumerated categories of offenses, including subsection (a)(1): "a forcible felony as defined in Section 2-8 of this Code." *Id.* § 1.7(a)(1). Armed robbery is a forcible felony under section 2-8. 720 ILCS 5/2-8 (West 2020) (listing robbery as an enumerated forcible felony; providing that "any other felony which involves the use or threat of physical force or violence against any individual" is a forcible felony). See also *People v. Wallace*, 2023 IL App (1st) 200917, ¶ 32, *pet. for leave to appeal allowed*, No. 130173 (May 29,

2024) (noting that armed robbery with a firearm is a forcible felony under the AHC statute).

¶ 25    In this case, defendant was found to have possessed a firearm after having been convicted twice of armed robbery. 720 ILCS 5/24-1.7(a) (West 2020). Defendant asserts that if his armed robbery offenses had occurred at the time of his arrest for AHC, they would have resulted in juvenile delinquency adjudications and not convictions. As Illinois courts have consistently recognized, a juvenile delinquency adjudication is not a conviction (*People v. Taylor*, 221 Ill. 2d 157, 164 (2006)).

¶ 26    Nothing in the plain language of the AHC statute, however, indicates defendant's prior convictions should be recharacterized as juvenile delinquency adjudications. *E.g.*, *People v. Wallace*, 2023 IL App (1st) 200917, ¶ 33 (noting that the "having been convicted" language in the AHC statute is the grammatical equivalent of "if he/she *was* convicted" (emphasis in original)). See also *Fitzsimmons v. Norgle*, 104 Ill. 2d 369, 372-73 (1984) (holding that the defendant's conviction as a juvenile in adult court served as a conviction). We are not free to read into a statute "exceptions, limitations, or conditions the legislature did not express." *Dew-Becker v. Wu*, 2020 IL 124472, ¶ 14.

¶ 27    We further observe that the Illinois Appellate Court has repeatedly rejected defendant's reasoning. *E.g.*, *Wallace*, 2023 IL App (1st) 200917, ¶ 35 (finding that the plain language of the AHC statute references past convictions for predicate offenses; concluding "that defendant was 'convicted' of armed robbery in 2008 (which remained a forcible felony in 2019), and this was sufficient to serve as a predicate offense to being an armed habitual criminal"); *People v. Irrelevant*, 2021 IL App (4th) 200626, ¶ 36 (stating that "all that matters is that defendant had a conviction, and that conviction was for an offense described in subsection (a)(1) at the time defendant committed the underlying conduct which resulted in the armed habitual criminal

8

charge"). See also *Hawkins*, 2024 IL App (1st) 220991-U, ¶ 18 (concluding that if a defendant was convicted of a forcible felony before committing the act giving rise to the AHC charge, "that conviction qualifies," as the statute "expresses no exception, limitation, or condition such that some forcible felony convictions qualify as predicate offenses and others do not"); *People v. Herrion*, 2024 IL App (1st) 221951-U, ¶ 20 (agreeing with *Wallace* and *Irrelevant* that, for purposes of AHC, "all that matters is that the defendant has a prior conviction for one of the specified offenses").

¶ 28    Defendant contends that we should apply the reasoning of *People v. Dawson*, 2022 IL App (1st) 190422, ¶ 48, wherein the appellate court found that the State had not proven that the defendant "had two qualifying adult convictions under the law in effect at the time of his armed habitual criminal offense." We decline to do so, as our supreme court recently entered a supervisory order which directed the appellate court to vacate its judgment and to consider the effect of *Gray* "on the issue of whether the State proved beyond a reasonable doubt that defendant had the requisite predicate adult convictions necessary to sustain his armed habitual criminal conviction and determine if a different result is warranted." *People v. Dawson*, No. 129136 (Ill. May 29, 2024) (supervisory order).

¶ 29    In any event, we disagree with the *Dawson* court's suggestion that the "as defined" language in section (a)(1) of the AHC statute ("a forcible felony as defined in Section 2-8 of the Code") means that the predicate offenses would have to be currently punishable in adult criminal court. See *Dawson*, 2022 IL App (1st) 190422, ¶¶ 47-48. We instead view the proper analysis as whether the predicate offense is a forcible felony as defined in section 2-8. *E.g.*, *Hawkins*, 2024 IL App (1st) 220991-U, ¶ 21 (stating that "[t]he present tense aspect of subsection (a)(1) is concerned only with whether the offense of conviction remains defined as a forcible felony under

the Criminal Code of 2012 as amended"). In this case, armed robbery has remained a forcible felony at all relevant times.

¶ 30    We therefore find that defendant's convictions for armed robberies committed in 2008 remain adult criminal convictions, not juvenile adjudications. See *id.* ¶ 20 (rejecting defendant's "attempts to avoid this reality by having us consider a hypothetical and counterfactual robbery, as though it were committed in 2020 instead of 2013"). Even without defense counsel's stipulation, the trial court would have correctly allowed the admission of defendant's two prior armed robbery convictions as predicate convictions for his current offense of AHC. As the admission of defendant's prior convictions as predicate convictions for AHC was proper, we conclude that defense counsel's performance was not deficient, and defendant was not prejudiced. See *Agee*, 2023 IL 128413, ¶ 50 (discussing the performance and prejudice prongs of *Strickland*). See also *People v. Pingelton*, 2022 IL 127680, ¶ 60 (noting that a "defendant's trial attorney cannot be considered ineffective for failing to raise or pursue what would have been a meritless motion or objection"). For the foregoing reasons, defendant's claim of ineffective assistance must fail.

¶ 31                                CONCLUSION

¶ 32    The judgment of the circuit court of Cook County is affirmed in its entirety.

¶ 33    Affirmed.