2024 IL App (1st) 230987-U

No. 1-23-0987

Order filed December 2, 2024

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2022 DV 20138 |
| | ) | |
| ANTONIO HUERTA, | ) | Honorable |
| | ) | Stephanie Saltouros, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Lavin and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's conviction for battery is affirmed, where the evidence was sufficient to prove beyond a reasonable doubt that he caused bodily harm.

¶ 2    Following a bench trial, defendant Antonio Huerta was found guilty on one count of battery (720 ILCS 5/12-3(a)(1) (West 2022)) and sentenced to two years of probation. On appeal, defendant contends there was insufficient evidence to prove that he caused bodily harm to another. We affirm.

¶ 3    Defendant was charged by complaint with one count of domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2022)) for knowingly and without legal justification striking his girlfriend, Soo Suh, across the face.[1]

¶ 4    At trial, the State called Robert Curth, the surveillance manager of investigations at Rivers Casino.[2] Curth identified three surveillance videos taken on May 9, 2022, which were entered into evidence and published to the court. We have reviewed the videos, which are included in the record on appeal. One video depicts an individual pacing in a parking lot and the other video depicts police officers responding to the scene, but neither video depicts the incident itself.

¶ 5    The third video, taken from a camera positioned high on the outer wall of a building, depicts two individuals standing on a sidewalk situated across a multilane road. One individual wears a white jacket and the other wears a dark jacket. They stand near each other, but the upper half of their bodies are outside of the camera's frame. At one point, the lower body of the individual in the dark jacket moves and that individual's hand rises above the frame. Immediately after, the other individual falls to the ground. Afterwards, officers arrive on the scene and speak to both individuals.

¶ 6    Des Plaines police officer Idaly Garcia testified that on May 9, 2022, she responded to an unrelated call at Rivers Casino where she observed defendant, whom she identified in court, and Suh "struggling" on the ground with defendant positioned on top. After Garcia ordered them to separate, she heard defendant instruct Suh, in Spanish, to not tell the police that he hit her. Garcia

---

[1] The complaint, which originally charged defendant under subsection (a)(2) of the domestic violence statute, was amended prior to trial.

[2] The witness's last name is spelled "Lurth" in parts of the record. We adopt the spelling as stated by the witness at trial.

has spoken Spanish her whole life and is a certified Spanish-speaking officer for the translation department. According to Garcia, Suh appeared scared and had red marks on her face. Defendant was then taken into custody. Garcia testified that the surveillance videos published in court accurately depicted her response to the scene.

¶ 7    On cross-examination, Garcia admitted that she was "not sure" if she personally observed redness on Suh's face, but on further redirect and recross examination, she testified that she recalled standing close to Suh and personally observing the redness. Garcia did not direct anybody to photograph Suh's face and did not recall if photographs were taken during the investigation. Garcia also testified that defendant called Suh at the police station and instructed her to not "say anything" in court.

¶ 8    In closing, the State argued that the surveillance videos depicted defendant hitting Suh, causing her to fall. The State also argued that defendant tacitly admitted to battery by instructing Suh to not cooperate with the police or the court.

¶ 9    Defense counsel argued that Suh's absence from the trial caused uncertainty regarding whether defendant's actions "actually occurred." Counsel also argued that the surveillance videos did not depict defendant making physical contact with Suh and no evidence indicated that she sustained bodily harm.

¶ 10    The trial court found that the surveillance footage depicted defendant lift his arm and make physical contact with Suh, who then fell. The court found that Garcia observed redness on Suh's face and that defendant's instructions to Suh to not cooperate with the police or the court supported a finding of guilt. The court did not find evidence of a domestic relationship between defendant and Suh, but found defendant guilty of battery.

¶ 11     Following a hearing, the trial court sentenced defendant to two years of probation. The court then denied defendant's motion for a new trial.

¶ 12     On appeal, defendant argues there was insufficient evidence to prove beyond a reasonable doubt that he inflicted bodily harm on Suh. Specifically, defendant asserts that the redness observed on Suh's face was not bodily harm as defined by statute and no evidence demonstrated that he caused the redness.

¶ 13     On a challenge to the sufficiency of the evidence, we must determine whether the evidence, viewed in a light most favorable to the State, would lead any rational trier of fact to conclude that the essential elements of the crime were met beyond a reasonable doubt. *People v. Gray*, 2024 IL 127815, ¶ 20; see also *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). All reasonable inferences are drawn in favor of the State. *People v. Daniel*, 2022 IL App (1st) 182604, ¶ 102. Determinations regarding the weight of the evidence and the credibility of witnesses is the province of the trial court, and we may not substitute those determinations with our own. *People v. Davis*, 2023 IL App (1st) 220231, ¶ 47. A trier of fact is not obligated to elevate possible explanations of a defendant's innocence to reasonable doubt. *People v. Wheeler*, 226 Ill. 2d 92, 117 (2007).

¶ 14     Battery occurs, relevant here, when an individual knowingly and without legal justification causes bodily harm to another. 720 ILCS 5/12-3(a)(1) (West 2022); see also *People v. Davidson*, 2023 IL 127538, ¶ 15. To prove bodily harm, there must be some temporary or permanent physical pain or damage to the body, *e.g.*, lacerations, bruises, or abrasions. *People v. Mimes*, 2014 IL App (1st) 082747-B, ¶ 29; see also *People v. Mays*, 91 Ill. 2d 251, 256 (1982). The positive testimony of one credible witness, even absent physical evidence, is sufficient to sustain a conviction. *People v. Hill*, 2023 IL App (1st) 150396, ¶ 23. A trial court may consider direct evidence of bodily harm

or circumstantial evidence, in light of common experience, to infer that bodily harm occurred. See, *e.g.*, *People v. Johnson*, 2015 IL App (1st) 123249, ¶ 31; see also *People v. Bishop*, 218 Ill. 2d 232, 250 (2006).

¶ 15    Turning to the present case, the critical issue is whether the evidence, viewed in a light most favorable to the State, and drawing all reasonable inferences in its favor, would lead any reasonable trier of fact to conclude beyond a reasonable doubt that defendant caused bodily harm to Suh. *Gray*, 2024 IL 127815, ¶ 20; see also *Daniel*, 2022 IL App (1st) 182604, ¶ 93. On appeal, defendant does not contest that he and Suh are the individuals depicted in the surveillance footage. That footage reflects that defendant raised his hand while standing next to Suh and that she fell when he did so. Both Suh's fear and redness on her face were observed by Garcia. Moreover, defendant instructed Suh to not speak with the police or the court. A reasonable trier of fact could infer that Suh fell to the ground and exhibited fear and redness because defendant hit her and that he issued those instructions because he did not want the police or the court to know. *People v. Patterson*, 282 Ill. App. 3d 219, 234 (1996) (a defendant's statements and conduct, when considered with other evidence, may create an inference of guilt). Viewing the evidence in a light most favorable to the State, a reasonable trier of fact could have concluded beyond a reasonable doubt that defendant caused bodily harm to Suh.

¶ 16    Defendant contends that the redness on Suh's face did "not meet the definition of bodily harm" under the battery statute. However, under the statute, evidence of some temporary damage is sufficient for a finding of bodily harm (*Mimes*, 2014 IL App (1st) 082747-B, ¶ 29) and this can be inferred through circumstantial evidence (*Johnson*, 2015 IL App (1st) 123249, ¶ 31). Here, the fear and redness on Suh's face was sufficient to infer that she suffered temporary damage to her

body. Defendant also contends that there are other explanations for the redness on Suh's face, but a trier of fact is not obligated to elevate reasonable hypotheses of innocence to reasonable doubt. *Wheeler*, 226 Ill. 2d at 117.

¶ 17    In sum, viewing the evidence in a light most favorable to the State, and drawing all reasonable inferences in its favor, a reasonable trier of fact could have concluded that defendant caused bodily harm to Suh beyond a reasonable doubt. Accordingly, the trial court's judgment is affirmed.

¶ 18    Affirmed.