# Illinois Official Reports

## Appellate Court

---

### *People v. Gray*, 2021 IL App (1st) 191086

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEMETRIUS GRAY, Defendant-Appellant. |
| District & No. | First District, First Division<br>No. 1-19-1086 |
| Filed | October 12, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-CR-10202; the Hon. Mary Margaret Brosnahan, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | James E. Chadd, Douglas R. Hoff, and Anna C. Carlozzi, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (John E. Nowak, Enrique Abraham, and Stacia Weber, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE WALKER delivered the judgment of the court, with opinion.<br>Presiding Justice Hyman and Justice Coghlan concurred in the judgment and opinion. |

**OPINION**

¶ 1 A jury found Demetrius Gray guilty of violating the armed habitual criminal provision of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/24-1.7 (West 2016)). Gray argues on appeal that the trial court should have accepted his guilty plea, he did not get a fair trial, and the State failed to prove that his prior convictions met the requirements of the statute. We hold that the conviction of a juvenile for the delivery of narcotics does not qualify as the kind of conviction that can support a finding of a violation of the armed habitual criminal provision. Because the State failed to prove the requisite prior criminal convictions, we reverse the trial court's judgment.

¶ 2                                          I. BACKGROUND

¶ 3 On June 10, 2016, a woman flagged down a police car as it rolled through her neighborhood. She directed Officer Fernando Moctezuma's attention to a car parked nearby. Moctezuma saw Gray in the car's passenger seat, reaching toward the car's glove compartment. When Moctezuma approached the car, he saw a gun in the glove compartment. Police arrested Gray.

¶ 4 Prosecutors charged Gray with violating the armed habitual criminal section of the Criminal Code. See 720 ILCS 5/24-1.7 (West 2016). Before trial the prosecutor offered to recommend a sentence of eight years, with no more than 15% reduction for good behavior, in exchange for a guilty plea. Gray rejected the offer. The prosecutor reduced the offer to six years, still at 85%. Gray countered with an offer to plead guilty in exchange for a sentence of six years with day-for-day good time credit. When the prosecutor rejected the counteroffer, Gray hesitated, but decided to accept the prosecutor's offer to recommend a six-year sentence, with no more than a 15% reduction for good behavior, in exchange for a guilty plea.

¶ 5 The trial court agreed to accept the plea and asked the prosecutor for a factual basis. Gray questioned some details of the factual basis and asked the court whether he could have a different attorney. The court rejected the plea offer, finding that Gray might not be pleading guilty voluntarily. Gray asked again before trial started for permission to plead guilty in exchange for a sentence of six years to be served at 85%. The court rejected the request.

¶ 6 At the trial, Moctezuma testified that, after he arrested Gray and reminded Gray of his constitutional rights, Gray told him that he had found the gun and he intended to turn it in to authorities in exchange for a cash reward. The parties stipulated that Gray had two prior convictions that qualified as a basis for the charge of armed habitual criminal: unlawful use of a weapon by a felon, from 2007, and manufacture or delivery of 1 to 15 grams of narcotics from 2002, when Gray was 17 years old. The jury found Gray guilty of being an armed habitual criminal. The court sentenced Gray to nine years in prison, with no more than a 15% reduction for good behavior. Gray now appeals.

¶ 7                                          II. ANALYSIS

¶ 8 On appeal, Gray argues that the trial court should have accepted his guilty plea, several errors deprived him of a fair trial, and the evidence did not prove him guilty beyond a reasonable doubt. We first address the sufficiency of the evidence.

¶ 9        Gray does not contest the sufficiency of the evidence that he possessed a firearm. He admits that his criminal record includes two prior felony convictions, one for unlawful use of a weapon by a felon and a Class 1 felony conviction for delivery of narcotics. He contends that the narcotics conviction cannot support the armed habitual criminal charge because he was a juvenile at the time of the narcotics offense and, under statutes now in effect, his offense would not subject him to the jurisdiction of the criminal courts.

¶ 10       The Criminal Code provides:

> "A person commits the offense of being an armed habitual criminal if he *** possesses *** any firearm after having been convicted a total of 2 or more times of any combination of the following offenses:
>
> ***
>
> *** unlawful use of a weapon by a felon ***
>
> ***[and] any violation of the Illinois Controlled Substances Act *** that is punishable as a Class 3 felony or higher." 720 ILCS 5/24-1.7 (West 2016).

¶ 11       Gray's argument centers on the tense of the Criminal Code's verb. The Criminal Code requires a conviction for conduct that "*is punishable* as a Class 3 felony or higher." (Emphasis added.) 720 ILCS 5/24-1.7(a)(3) (West 2016). If, in 2016, a 17-year-old minor delivered 1 to 15 grams of narcotics, as Gray did in 2002, the juvenile courts would retain jurisdiction over the case, and the conduct would result in a juvenile adjudication. "Illinois courts have consistently held that juvenile adjudications do not constitute convictions." *People v. Taylor*, 221 Ill. 2d 157, 176 (2006).

¶ 12       The State points out that a conviction of a juvenile, following a transfer to criminal court, counts as a prior conviction for purposes of determining whether an offender is a habitual criminal. See *Fitzsimmons v. Norgle*, 104 Ill. 2d 369 (1984). Gray concedes that he was convicted and punished for a felony, but that is not what the Criminal Code requires. The plain language of the Criminal Code requires the State to prove that the defendant was convicted for conduct that "is punishable" as a felony.

¶ 13       We find this case similar to *People v. Miles*, 2020 IL App (1st) 180736, and *People v. Williams*, 2020 IL App (1st) 190414. In *Miles*, this court interpreted section 5-4.5-95(b) of the Unified Code of Corrections (730 ILCS 5/5-4.5-95(b) (West 2016)), which authorizes Class X sentencing for offenders found guilty of a Class 1 or Class 2 felony "after having twice been convicted *** of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony." *Miles*'s record included a felony conviction for aggravated vehicular hijacking committed when Miles was 15. The *Miles* court held that, based on the 2016 amendment to section 5-130 of the Juvenile Court Act of 1987, the juvenile court acquired exclusive jurisdiction over minors charged with armed robbery and aggravated vehicular hijacking. Both crimes previously disqualified minors from juvenile court jurisdiction. Hence, the legislature intended that minors who commit armed robbery and aggravated vehicular hijacking are to be treated differently from adults charged with those same crimes. The *Miles* court also found that, had Miles committed his 2005 offense under the laws in effect on June 9, 2016, the juvenile court would have had exclusive jurisdiction, and Miles would not have received a Class 2 conviction. Instead, he would have received a juvenile court adjudication. Therefore,

the court held that the 2005 conviction should not have been considered a qualifying offense for Miles to be sentenced as a Class X offender. *Miles*, 2020 IL App (1st) 180736, ¶¶ 21-22.

¶ 14    The *Williams* court followed *Miles*, holding:

> "Defendant here was properly convicted of burglary in criminal court when he was 17 years old, but a[n] *** amendment to the Juvenile Court Act has since given the juvenile court exclusive jurisdiction over 17-year-old defendants charged with burglary. As *Miles* instructs, we look at the elements of his prior conviction as of the date defendant committed his current offense. [Citation.] On the date he committed the present offense, June 7, 2018, defendant's 2013 burglary conviction would have been resolved in delinquency proceedings rather than criminal court proceedings, and his predicate offense would have been a juvenile adjudication instead of a Class 2 or greater Class felony conviction. *** Following *Miles*, we find that defendant's prior burglary conviction is not an offense now *** classified in Illinois as a Class 2 or greater Class felony and, therefore, is not a qualifying offense for Class X sentencing." (Internal quotation marks omitted.) *Williams*, 2020 IL App (1st) 190414, ¶ 21.

¶ 15    We note that one panel of the Fourth District Appellate Court of Illinois disagreed with *Miles* and *Williams*. In *People v. Reed*, 2020 IL App (4th) 180533, the court held that convictions of a juvenile transferred to criminal court qualify as convictions for all purposes because the defendant's age was not an element of the qualifying offense. We find *Miles* and *Williams* persuasive. To obtain a conviction for aggravated vehicular hijacking (*Miles*), burglary (*Williams*), or delivery of narcotics (here), the prosecution would need to prove that the defendant was at least 18 years old at the time of the offense, or that the defendant merited transfer to the criminal courts under the restrictive provisions for such transfer. See 705 ILCS 405/5-120 (West 2016). In view of the changes to the Juvenile Court Act of 1987, for most offenses age of the defendant operates as an element of the offense.

¶ 16    Here, the prosecution showed that Gray had two prior felony convictions on his record, but for the conviction for delivery of narcotics, the prosecution did not show that the conviction was for conduct that "is punishable" as a felony as of the date of the firearm possession in 2016. Because the prosecution failed to prove the two prior convictions of the kind required to show a violation of the armed habitual criminal provision of the Criminal Code, we reverse the conviction for violation of the armed habitual criminal provision of the Criminal Code. The State has not asked this court to remand for trial on the offense of unlawful use of a weapon by a felon, and therefore we do not consider the possibility of proceedings on that charge.

¶ 17                               III. CONCLUSION

¶ 18    Gray's prior conviction for delivery of narcotics, committed when he was 17, does not qualify as the kind of conviction that can support a later conviction on a charge of being an armed habitual criminal. Accordingly, we reverse the armed habitual criminal conviction.

¶ 19    Reversed.