2024 IL App (1st) 220127

SECOND DIVISION
June 25, 2024

No. 1-22-0127

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | 21 CR 03687 |
| | ) | |
| CHANDLE HAWTHORNE, | ) | Honorable |
| | ) | Timothy Joseph Joyce, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE ELLIS delivered the judgment of the court, with opinion.
Presiding Justice Howse and Justice McBride concurred in the judgment and opinion.

## OPINION

¶ 1     In 2012, defendant Chandle Hawthorne was arrested for selling heroin. He was 17 years old, prosecuted as an adult, and ultimately convicted of the manufacture or delivery of heroin, a Class 2 felony. Defendant picked up another serious drug conviction in 2015.

¶ 2     Fast forward to January 2021. After firing a weapon at an unoccupied car multiple times, defendant was charged with being an armed habitual criminal (AHC). A defendant violates the AHC statute if he possesses, sells, or transfers a firearm *and* he has been "convicted" twice of certain qualifying predicate offenses. See 720 ILCS 5/24-1.7(a) (West 2020).

¶ 3     The State alleged that defendant's 2012 and 2015 convictions qualified as the required predicate felonies for the AHC charge. After a bench trial, the court convicted defendant on the AHC and other counts and sentenced him to more than eight years in prison.

¶ 4    On appeal, defendant claims the evidence was insufficient to convict him of the AHC offense because one of the two predicate convictions—the 2012 one—should not be considered a "conviction" at all. He relies on a change to the Juvenile Court Act in 2014 under which, today, his drug conviction at age 17 likely would have been a *juvenile adjudication* instead. As such, says defendant, the language of the AHC statute does not permit his 2012 conviction to serve as the required second predicate offense, and he is thus not guilty of AHC as a legal matter.

¶ 5    Some appellate decisions have agreed with defendant's interpretation. See *People v. Gray*, 2021 IL App (1st) 191086, *rev'd on other grounds*, 2024 IL 127815; *People v. Dawson*, 2022 IL App (1st) 190422, *vacated and remanded for reconsideration*, No. 129136, 2024 WL 2805449 (Ill. May 29, 2024); *People v. Collins*, 2023 IL App (1st) 221328-U, ¶ 21. Others disagreed with *Gray* and reached the opposite conclusion—that a conviction under these circumstances qualifies as a proper predicate conviction for an AHC charge. See *People v. Herrion*, 2024 IL App (1st) 221951-U, ¶ 20; *People v. Wallace*, 2023 IL App (1st) 200917, ¶¶ 37-38; *People v. Irrelevant*, 2021 IL App (4th) 200626, ¶ 36.

¶ 6    As we explain below, we side with these latter decisions and disagree with defendant's interpretation of the AHC statute. Defendant's 2012 conviction was a proper predicate conviction under the language of the statute. We thus affirm.

¶ 7                                    BACKGROUND

¶ 8    As the facts are undisputed and the question before us strictly legal, our discussion of the facts is brief. Defendant was charged with various offenses, including AHC, for discharging a weapon at an unoccupied car in January 2021. Two eyewitnesses and the responding police officer testified at trial. That evidence aside, the parties agreed to several stipulations.

¶ 9    Relevant here, the parties stipulated that defendant had "a prior felony conviction for

manufacture and delivery of a controlled substance, which is a Class 1 offense, under case number 15 CR 0234501, as well as manufacture and delivery of a controlled substance felony conviction, Class 2, under case number 12 CR 2316301." Defendant was born on February 7, 1995, and was 17 years old in 2012 when he was arrested in the No. 12-CR-2316301 case.

¶ 10    The court convicted defendant on the AHC count and others and sentenced him to eight and a half years in prison. This appeal followed.

¶ 11                                ANALYSIS

¶ 12    On appeal, defendant argues that the State failed to prove that he had two qualifying prior convictions to sustain the AHC charge. Though properly couched as a challenge to the sufficiency of the evidence, his argument is purely legal, a question of statutory construction, so our review is *de novo*. See *People v. Bradford*, 2016 IL 118674, ¶¶ 14-15.

¶ 13    The genesis of this argument was the appellate decision in *Gray*, 2021 IL App (1st) 191086, ¶ 15, which first held that a prior adult narcotics conviction that, under today's laws, likely would have been prosecuted as a juvenile adjudication, cannot serve as a predicate adult conviction under the AHC statute. During briefing, our supreme court granted leave to appeal in *Gray*, so at the State's request and with defendant's acquiescence, we stayed this appeal for many months while we awaited the supreme court's decision, which seemed all but certain to resolve this question.

¶ 14    It did not. The supreme court reversed the appellate decision on the related but narrower ground that Gray *stipulated* that his prior conviction, committed when he was 17, was a qualifying predicate offense, thus conclusively waiving any claim that the State failed to prove that element of the AHC charge. See *Gray*, 2024 IL 127815, ¶¶ 26-27. We lifted the stay and now reach the merits of this appeal.

¶ 15                                     I

¶ 16    In its supplemental filing that we invited after the supreme court decided *Gray*, the State

takes a page from that decision, making the same argument here that prevailed there. But the

stipulation in *Gray* was meaningfully different. Gray stipulated that he " 'ha[d] two prior

qualifying felony convictions for the purposes of sustaining the charge of armed habitual

criminal.' " *Id.* ¶ 9. Gray, in other words, stipulated *both* to the fact of his convictions *and* their

legal impact under the AHC statute. See *id.* ¶ 27 ("Defendant did not merely stipulate to the

admission of certified copies of his prior convictions or that he had been convicted of specified

felonies. *** Defendant's stipulation established the facts that defendant had been convicted of

two prior felonies *and* that those felonies were qualifying felonies ***." (Emphasis in original.)).

¶ 17    Here, as noted above, defendant stipulated only that he had "a prior felony conviction for

manufacture and delivery of a controlled substance, which is a Class 1 offense, under case

number 15 CR 0234501, as well as manufacture and delivery of a controlled substance felony

conviction, Class 2, under case number 12 CR 2316301." He did not stipulate that these offenses

were qualifying predicate offenses under the AHC statute. To take a stipulation that was

obviously intended to do nothing more than relieve the State of the rudimentary task of

producing certified copies of his convictions—a courtesy to the prosecutor and the court—and

convert that into a waiver of a legal argument is a bridge too far.

¶ 18                                     II

¶ 19    The State also argues forfeiture—defendant did not raise this legal argument below. The

State reads the record correctly, but remember that, legal in nature though it may be, defendant's

challenge is to the sufficiency of the evidence, just as it was characterized by the supreme court

in *Gray*. See *id.* ¶¶ 22-27. A challenge to the sufficiency of the evidence cannot be forfeited.

- 4 -

*People v. Lucas*, 231 Ill. 2d 169, 175 (2008).

¶ 20                                                    III

¶ 21    To the merits. Defendant's argument concerns the language of the AHC statute and, to a lesser extent, a provision of the Juvenile Court Act. Our principal goal in interpreting a statute is to give effect to the legislature's intent, expressed by the plain and ordinary meaning of the statutory language. *People v. Clark*, 2019 IL 122891, ¶ 20. We review the statute as a whole, giving effect to each provision if possible, and seek to avoid an interpretation that would lead to absurd or unjust results. *Id.* We will not read into a statute exceptions, conditions, or limitations not expressed by the legislature. *In re N.C.*, 2014 IL 116532, ¶ 50.

¶ 22    In 2012, when defendant committed the predicate offense in question here, section 5-120 of the Juvenile Court Act provided that, with certain exceptions not relevant here, "no minor who was under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." 705 ILCS 405/5-120 (West 2012). So at the time defendant was charged with delivery of heroin in 2012, the juvenile court had exclusive jurisdiction to adjudicate that offense if committed by persons age 16 or younger. *Id.* Defendant, as noted, was not "under 17" in 2012—he was 17—so this statute did not apply to him, and he was tried and convicted as an adult.

¶ 23    In 2014, the General Assembly raised the age for exclusive juvenile jurisdiction from 16 to 17 years of age, again with certain exceptions not relevant here. See Pub. Act 98-61, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-120, 5-130). With this change, a 17-year-old who committed the same crime as defendant did in 2012, but who did so on or after January 1, 2014, would presumptively be subject to juvenile-court jurisdiction, where he would not be "convicted" of a criminal offense but, at worst, adjudicated delinquent.

¶ 24    Notably, Public Act 98-61 included a saving clause, providing that this change to juvenile-court jurisdiction "appl[ies] to violations or attempted violations committed on or after the effective date of this amendatory Act." *Id.* (amending 705 ILCS 405/5-120). And our supreme court held that a 17-year-old who committed criminal sexual assault and abuse before January 1, 2014 (specifically, June 2013) could still be tried as an adult under the previous version of the law, notwithstanding that his prosecution took place largely after January 2014, without violating equal protection. *People v. Richardson*, 2015 IL 118255, ¶ 10.

¶ 25    Still, there is no question that, had defendant committed his 2012 predicate offense in January 2014 or thereafter, he quite possibly would not have been tried, much less convicted, in adult court (absent a successful attempt by the State at a discretionary transfer, which we will discuss shortly). At most, he likely would have received an adjudication of delinquency in juvenile court. This distinction is critical because adjudications of delinquency are not "convictions" under Illinois law. *People v. Taylor*, 221 Ill. 2d 157, 176 (2006).

¶ 26    With this in mind, the language of the AHC statute follows. We have our reasons for printing the substantive provision in full, as we discuss later, but the most relevant provisions are subsections (a) and (a)(3):

"(a) A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm *after having been convicted* a total of 2 or more times of any combination of the following offenses:

(1) a forcible felony as defined in Section 2-8 of this Code;

(2) unlawful use of a weapon by a felon; aggravated unlawful use of a weapon; aggravated discharge of a firearm; vehicular hijacking; aggravated vehicular hijacking; aggravated battery of a child as described in Section 12-4.3

or subdivision (b)(1) of Section 12-3.05; intimidation; aggravated intimidation; gunrunning; home invasion; or aggravated battery with a firearm as described in Section 12-4.2 or subdivision (e)(1), (e)(2), (e)(3), or (e)(4) of Section 12-3.05; or

(3) Any violation of the Illinois Controlled Substances Act or the Cannabis Control Act *that is punishable* as a Class 3 felony or higher." (Emphases added.) 720 ILCS 5/24-1.7 (West 2020).

¶ 27    Defendant focuses on the phrase "is punishable" in subsection (a)(3). As the phrase is worded in the present tense, defendant says that the predicate drug offense must be punishable as a Class 3 felony *as of the date the AHC offense was committed*, not back when the conviction occurred. Here, defendant's alleged AHC offense took place in 2021. He argues that, for 17-year-olds in 2021, like defendant was in 2012, this predicate drug offense is no longer "punishable as a Class 3 felony or higher;" now it would be handled in juvenile court.

¶ 28    This was the reasoning of the appellate decision in *Gray*, which held that defendant's 2002 conviction for narcotics delivery could not serve as a predicate offense for an AHC violation allegedly committed in 2016. See *Gray*, 2021 IL App (1st) 191086, ¶ 16 ("the prosecution showed that Gray had two prior felony convictions on his record, but for the conviction for delivery of narcotics, the prosecution did not show that the conviction was for conduct that 'is punishable' as a felony as of the date of the [AHC offense] in 2016").

¶ 29    To be sure, the phrase "is punishable" refers to the present state of affairs. The AHC statute looks to the offense level of that prior conviction as of the date the AHC offense was allegedly committed. But it does not follow that we would adopt defendant's overall interpretation of the statute. We do not, for several reasons.

¶ 30    First, defendant's analysis does not account for earlier language in subsection (a),

requiring that the State prove that defendant commit the firearm-related offense "after having been convicted" two or more times of a qualifying offense. 720 ILCS 5/24-1.7(a) (West 2020). "Having been convicted" is written in the present perfect tense, denoting an action that occurred in the past and continues into the present. See *In re Gwynne P.*, 215 Ill. 2d 340, 357-58 (2005). That describes defendant's 2012 criminal disposition precisely. He was convicted of the predicate offense in 2012, and it remains a conviction today. Again, the change to the Juvenile Court Act in 2014 made clear that its amendment was prospective only, and our supreme court has interpreted it as such. See *Richardson*, 2015 IL 118255, ¶ 10. Defendant could not (and does not) deny that he remains convicted of that 2012 offense today. So in literal terms, defendant's 2012 conviction fits squarely into the "having been convicted" language.

¶ 31    Second, defendant makes too much of the "is punishable" language in subsection (a)(3). It is clear to us that the General Assembly, in the AHC statute, wanted to punish individuals who possess or transfer firearms after having been twice convicted not of just any crime but of offenses that were of sufficient gravity—in subsection (a)(3), drug crimes of a certain offense level. The offense level is how the legislature designates the seriousness of the crime. The use of the present tense in the AHC statute allows the General Assembly to move certain drug crimes in and out of the list of predicate crimes as it adjusts those offense levels over time (or legalizes the behavior entirely), as social mores shift and public policy changes. (Just review the changes in the laws governing the use of cannabis, one of the predicate statutes in subsection (a)(3), over the last several years for an example.)

¶ 32    The "is punishable" language, in other words, describes the offense itself. As a matter of grammar, it is undeniable that "is punishable" modifies the "violation" of the two drug statutes in subsection (a)(3), the Illinois Controlled Substances Act and the Cannabis Control Act. And as a

literal matter, the offense for which defendant was convicted in 2012 is, today, as it was in 2021 when defendant committed the AHC offense, and as it has been consistently since 2012 and long before, "punishable as a Class 3 felony or higher."

¶ 33    Which means that defendant was "convicted" of heroin delivery in 2012, and that drug offense "is punishable as a Class 3 felony or higher." The AHC statute is satisfied.

¶ 34    Our third reason for disagreeing with defendant's reasoning, and that of the *Gray* appellate decision, is that there is no guarantee, even after January 1, 2014, that a 17-year-old charged with delivery of heroin would have been subject to a disposition in juvenile court. A 17-year-old charged with this offense in 2021 (the year defendant committed the firearm violation prompting the AHC charge) could have been subject to a discretionary transfer to adult court. See 705 ILCS 405/5-805(3) (West 2020) (permitting discretionary transfer of juveniles age 13 or older to adult court, on motion of State, if juvenile court finds probable cause to believe allegations are true and "it is not in the best interests of the public to proceed" in juvenile court).

¶ 35    We agree with another decision that departed from *Gray* that "it is speculative to assume defendant would not have been subject to a discretionary transfer" under section 5-805(3). See *Irrelevant*, 2021 IL App (4th) 200626, ¶ 38. A discretionary transfer was not even an option in 2012 for defendant, who was 17 and subject to adult-court jurisdiction without question. We cannot simply assume as fact that defendant here, had he been subject to the amendment to the Juvenile Court Act on or after January 1, 2014, would have received a juvenile-court disposition as opposed to a criminal conviction.

¶ 36    The final reason we disagree with defendant's interpretation is that it would lead to odd results when we consider the AHC statute as a whole, as we must. *Clark*, 2019 IL 122891, ¶ 20. Consider the subsections that precede subsection (a)(3). Subsection (a)(1) lists as a predicate

crime "a forcible felony as defined in Section 2-8 of this Code." 720 ILCS 5/24-1.7(a)(1) (West 2020). No reference to an offense level, much less to the offender's age or status as an adult or juvenile. Either the forcible felony is listed in section 2-8 of the Criminal Code of 2012 or it isn't. See 720 ILCS 5/2-8 (West 2020).

¶ 37    But under defendant's theory, which focuses on subsection (a)(3)'s language, not on the "having been convicted" language at the outset of section (a), subsection (a)(1) would be unaffected by the change to the Juvenile Court Act's jurisdiction in 2014. A 17-year-old who violates the Controlled Substances Act at a sufficiently high offense level can avoid having that conviction used as a predicate under subsection (a)(3), but a 17-year-old who commits robbery or burglary (both forcible felonies (see *id.*)) *cannot* have his conviction disregarded under subsection (a)(1)?

¶ 38    The same is true of subsection (a)(2), which lists a number of predicate offenses without any reference to offense level or age or status of the offender, including various gradations of unlawful use of a weapon, home invasion, vehicular hijacking, aggravated battery, intimidation, and the like. See *id.* § 24-1.7(a)(2). Once again, under defendant's theory, those pre-2014 convictions when the defendant was 17 would count as predicates, but drug convictions under subsection (a)(3) would not.

¶ 39    Under defendant's theory, then, when confronted with prior convictions for offenses committed when a defendant was a juvenile, which as of 2014 likely would be prosecuted in juvenile court, subsection (a)(3) is all but erased from existence, but subsections (a)(1) and (a)(2) remain entirely intact. That is not a reasonable or credible interpretation of the AHC statute.

¶ 40    Indeed, we have already seen this incongruity play out. This court considered this very "anomaly" between subsections (a)(2) and (a)(3) in *People v. Johnson*, 2022 IL App (1st)

201034-U, ¶ 20. Johnson was convicted of AHC based on a predicate conviction for home invasion under subsection (a)(2) of the AHC statute. *Id.* ¶ 17. Johnson was 15 years old when he committed that home invasion in 2002. *Id.* Johnson argued, based on the appellate decision in *Gray*, that his 2002 home invasion conviction should not be used as a predicate conviction for AHC, because he would have been prosecuted as a juvenile had he committed it today as a 15-year-old. *Id.* ¶ 14. The court in *Johnson* noted the very disharmony we discussed above:

> "The language of subsection (a)(2) differs significantly from the language of subsection (a)(3). Subsection (a)(2) requires only proof that the defendant possessed a firearm "after having been convicted *** [of] home invasion" and a second qualifying offense. *** Even though a 15-year-old charged with the same conduct would now remain in the jurisdiction of the juvenile court, *Johnson's conviction qualifies as a predicate conviction under the literal terms of the armed habitual criminal statute.*
>
> Nonetheless, we agree with Johnson that this result creates an anomaly. If the current treatment of juveniles for conduct that violates narcotics statutes [under (a)(3)] makes a prior conviction unavailable as grounds for an armed habitual criminal charge, why should the current treatment of juveniles for conduct that constitutes home invasion, vehicular hijacking, or unlawful use of a weapon by a felon [under (a)(2)] make no difference for such a charge?" (Emphasis added.) *Id.* ¶¶ 19-20.

¶ 41    We agree that it makes no sense to treat subsections (a)(2) and (a)(3) differently, absent some signal from the legislature that nobody has cited and we cannot locate. But while the court in *Johnson* settled this anomaly by doubling down on the reasoning in *Gray* and applying it to subsection (a)(2), thereby reversing Johnson's AHC conviction (*id.* ¶ 24), even after recognizing that this outcome was inconsistent with the "literal terms" of subsection (a)(2) (*id.* ¶ 19), we

would respectfully highlight this incongruity to show the flaw in the reasoning of the *Gray* appellate decision.

¶ 42    The better route, the one dictated by the plain language of the AHC statute, the one avoiding speculation, and the one avoiding incongruous results among the subsections of section (a), is to hold that defendant's conviction for heroin delivery in 2012 qualifies as a predicate offense under subsection (a)(3) of the AHC statute, notwithstanding that defendant might have been tried as a juvenile had this offense been committed in 2021, when defendant committed the firearm offense spawning the AHC charge.

¶ 43    We find no error in the use of defendant's 2012 conviction for heroin delivery as one of the two predicate offenses forming the AHC charge. Defendant was properly convicted of the AHC charge.

¶ 44                                    CONCLUSION

¶ 45    The judgment of the circuit court is affirmed.

¶ 46    Affirmed.

No. 1-22-0127

---

*People v. Hawthorne*, 2024 IL App (1st) 220127

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 21-CR-03687; the Hon. Timothy Joseph Joyce, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Benjamin Wimmer, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Tasha-Marie Kelly, and Caitlin Chenus, Assistant State's Attorneys, of counsel), for the People. |

---