**NOTICE**
Decision filed 10/03/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220315-U

NO. 5-22-0315

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

**NOTICE**
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 11-CF-1257 |
| | ) | |
| DEMECO D. HILL, | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirmed the trial court's dismissal of defendant's section 2-1401 petition where a statutory amendment making burglaries committed by 17-year-olds subject to the juvenile court rather than adult criminal court took effect after defendant committed the offense at issue.

¶ 2    Following a jury trial in 2014, defendant, Demeco D. Hill, was convicted of being an armed habitual criminal (AHC) (720 ILCS 5/24-1.7(a) (West 2012)) and sentenced to 25 years' imprisonment. In 2021, he filed a petition for postjudgment relief pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)). He contended that his AHC conviction was invalid because one of the predicate convictions was for a burglary that he committed at the age of 17 and that, by the time the AHC trial had begun, the relevant statute provided that a 17-year-old charged with burglary would be treated as a juvenile. Therefore, at the

1

time of his AHC trial, one of the predicate offenses should not have been considered a "conviction" for purposes of the AHC statute. The circuit court dismissed the petition and defendant appeals.

¶ 3                                      BACKGROUND

¶ 4      The State initially charged defendant, on September 8, 2011, with three counts of first degree murder in the death of Billy Rutherford. Nearly one year later, the State added a count of AHC, alleging that defendant knowingly possessed a firearm after having been convicted of burglary in case No. 93-CF-608 and home invasion in No. 94-CF-195. On January 9, 2014, the State amended the indictment to replace the home-invasion conviction with an attempted armed robbery conviction in case No. 01-CF-195.

¶ 5      Defendant successfully moved to sever the AHC charge. The State ultimately dismissed the murder charges after defendant was convicted of AHC.

¶ 6      Trial on the AHC charge began on January 16, 2014. We need not recount the evidence at trial, noting only that, as part of its case-in-chief, the State presented a stipulation that defendant had been convicted of burglary in 1993 and attempted armed robbery in 2001.

¶ 7      The jury found defendant guilty. The trial court sentenced him to 25 years' imprisonment. On direct appeal, the Fourth District affirmed. *People v. Hill*, 2017 IL App (4th) 140888.

¶ 8      On December 13, 2021, defendant filed the petition at issue in this appeal.[1] He alleged that one of the predicate convictions on which his AHC conviction was based was a burglary that he committed when he was 17 years old.[2] Recently, in *People v. Gray*, 2021 IL App (1st) 191086, the appellate court held that an offense committed when the defendant was 17 years old or younger

---

[1]At least two other collateral attacks on defendant's conviction remain pending in the circuit court including a postconviction petition and another section 2-1401 petition. Neither, however, is relevant to the issues raised here.

[2]The petition alleged that both predicate convictions involved crimes committed when defendant was 17. He apparently did not realize—or had forgotten—that the charge was amended to substitute the 2001 attempted armed robbery for the 1994 home invasion as a predicate conviction.

2

could not be a predicate conviction for AHC in light of amendments to the Juvenile Court Act extending its protections to those younger than 18. If the earlier burglary case had been conducted in juvenile court, it would have resulted in a juvenile adjudication rather than a "conviction" as required by the AHC statute.

¶ 9     The State did not respond but the court dismissed the petition *sua sponte* on March 2, 2022. The court denied defendant's motion to reconsider on May 5, 2022. Defendant filed a notice of appeal on May 19, 2022. In a supervisory order, the supreme court allowed defendant's motion to file a late notice of appeal from the March 2, 2022, order dismissing his petition for relief from judgment.

¶ 10                                    ANALYSIS

¶ 11    On appeal, defendant contends that the court erred in dismissing his petition because he stated a valid claim that the inclusion of his 1993 burglary conviction as a predicate offense invalidated his AHC conviction. Before turning to the merits, we note that defendant filed his petition more than seven years after his conviction. Generally, a section 2-1401 petition must be filed within two years of the order or judgment being challenged. 735 ILCS 5/2-1401(c) (West 2022). The two-year limit, however, is a statute of limitations which may be waived by the opposing party. See *People v. Pinkonsly*, 207 Ill. 2d 555, 562-63 (2003). Here, the State did not raise the issue of the petition's timeliness in a responsive pleading.

¶ 12    In its brief, the State contends that it did not respond to the petition in the circuit court due to confusion about whether defendant's *pro se* petition could be considered given that he was represented by counsel in connection with his other collateral filings. In any event, the State concedes that it did not raise the timeliness issue in the trial court and affirms that it will not do so here.

3

¶ 13    Before we address the merits, we must clarify defendant's argument. In 2011, he was charged with AHC, which the statute defines as follows:

"(a) A person commits the offense of being an armed habitual criminal if he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of any combination of the following offenses:

(1) a forcible felony as defined in Section 2-8 of this Code;

(2) unlawful use of a weapon by a felon; aggravated unlawful use of a weapon; aggravated discharge of a firearm; vehicular hijacking; aggravated vehicular hijacking; aggravated battery of a child as described in Section 12-4.3 or subdivision (b)(1) of Section 12-3.05; intimidation; aggravated intimidation; gunrunning; home invasion; or aggravated battery with a firearm as described in Section 12-4.2 or subdivision (e)(1), (e)(2), (e)(3), or (e)(4) of Section 12-3.05; or

(3) any violation of the Illinois Controlled Substances Act or the Cannabis Control Act that is punishable as a Class 3 felony or higher." 720 ILCS 5/24-1.7(a) (West 2010).

¶ 14    The indictment alleged that defendant committed burglary in 1993, when he was 17 years old, and home invasion in 2001. Burglary is a forcible felony (*id.* § 2-8) and home invasion is specifically listed in section 24-1.7(a)(2).

¶ 15    In 1993, a 17-year-old charged with burglary was tried in criminal court, resulting in a conviction if the charge was proved. In 2013, the legislature amended the statute to provide that, absent certain exceptions, those under the age of 18 were subject to the jurisdiction of the juvenile court. Pub. Act 98-61 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-120 (West 2014)). A burglary charge would not have automatically resulted in a transfer to criminal court. 705 ILCS 405/5-

4

130(a)(1) (West 2014). In other words, a 17-year-old charged with burglary in 2014 would presumptively have been adjudicated in juvenile court rather than tried and possibly convicted in criminal court.

¶ 16    In *Gray*, the court noted that section 24-1.7 defined AHC as requiring a predicate offense that "*is* punishable as a Class 3 felony or higher." (Emphasis added.) *Gray*, 2021 IL App (1st) 191086, ¶ 11 (quoting 720 ILCS 5/24-1.7(a)(3) (West 2016)). Thus:

> "Defendant here was properly convicted of burglary in criminal court when he was 17 years old, but a[n] *** amendment to the Juvenile Court Act has since given the juvenile court exclusive jurisdiction over 17-year-old defendants charged with burglary. As *Miles* instructs, we look at the elements of his prior conviction as of the date defendant committed his current offense. [Citation.] On the date he committed the present offense, June 7, 2018, defendant's 2013 burglary conviction would have been resolved in delinquency proceedings rather than criminal court proceedings, and his predicate offense would have been a juvenile adjudication instead of a Class 2 or greater Class felony conviction. *** Following *Miles*, we find that defendant's prior burglary conviction is not an offense now *** classified in Illinois as a Class 2 or greater Class felony and, therefore, is not a qualifying offense for Class X sentencing." (Internal quotation marks omitted.) *Id.* ¶ 14 (quoting *People v. Williams*, 2020 IL App (1st) 190414, ¶ 21, citing *People v. Miles*, 2020 IL App (1st) 180736).

*People v. Dawson*, 2022 IL App (1st) 190422, applied the same rationale to a predicate offense under section 24-1.7(a)(1).

¶ 17    We note that the two principal cases on which defendant relies are no longer good law. Shortly after he filed his initial brief, the supreme court reversed *Gray*. *People v. Gray*, 2024 IL

127815. Shortly thereafter, it vacated the appellate court opinion in *Dawson* and remanded for further consideration in light of *Gray. People v. Dawson*, No. 129136 (Ill. May 29, 2024) (supervisory order). This does not end our inquiry, however, as the court reversed *Gray* on narrow grounds that do not apply here.

¶ 18    In *Gray*, the defendant, who was charged with AHC, stipulated that he had two qualifying convictions. The supreme court, noting that the existence of the prior convictions was an element of the offense that the State had to prove, found that the defendant's stipulation forfeited any challenge to the sufficiency of the evidence on this point. *Gray*, 2024 IL 127815, ¶ 26. The court explained that a stipulation is conclusive as to all facts necessarily included, dispensing with the need for further proof on the subject. *Id.* "When a defendant, by stipulation, 'waive[s] the necessity of proof of all or part of the case which the People have alleged against him,' " " 'he cannot complain of the evidence which he has stipulated into the record.' " *Id.* (quoting *People v. Polk*, 19 Ill. 2d 310, 315 (1960)). The court observed that the defendant did not merely stipulate that he had been convicted of certain felonies but stipulated that they were " 'qualifying felony convictions for the purposes of sustaining the charge of armed habitual criminal.' " *Id.* ¶ 27.

¶ 19    Here, by contrast, defendant stipulated only that he had two specific prior convictions. In *People v. Hawthorne*, 2024 IL App (1st) 220127, the defendant's stipulation to the fact of his two prior convictions, without stipulating that they were qualifying under the statute, did not waive the issue. *Id.* ¶ 17.

¶ 20    We agree with the State, however, that defendant's argument suffers from another fatal flaw: he committed AHC in 2011, more than two years before the effective date of the amendment raising to 18 the maximum age for juvenile court jurisdiction. The State points out that the *Gray* appellate panel premised its decision on the fact that the definition of the offense used the present-

6

tense verb: "The Criminal Code requires a conviction for conduct that '*is* punishable as a Class 3 felony or higher.' " (Emphasis added.) *Gray*, 2021 IL App (1st) 191086, ¶ 11 (quoting 720 ILCS 5/24-1.7(a)(3) (West 2016)), *rev'd on other grounds*, 2024 IL 127815. In *Dawson*, the court found that the language of the relevant subsection—the same one relied on here—was " 'as defined.' " *Dawson*, 2022 IL App (1st) 190422, ¶ 47 (quoting 720 ILCS 5/24-1.7(a) (West 2016)), *vacated on other grounds*, 238 N.E.2d 299 (2024). The State argues that the statutory reference to the predicate offenses is in the present tense, not the future tense, and when defendant committed AHC, a burglary committed by a 17-year-old was defined as a criminal offense.

¶ 21     Defendant argues that it "logically follows" that this "present-tense component" should apply at the time a defendant goes to trial and that it would be "anomalous" to hold that a defendant whose trial occurred after the effective date of the amendment should be treated differently than one who committed the offense after that date. However, he cites no case holding that the date of trial, rather than the date of committing the offense, is the relevant date.

¶ 22     In determining the temporal reach of a statute, a court will "first ask whether the legislature has clearly indicated the statute's temporal reach. If so, and assuming no constitutional prohibition, the legislature's intent will be given effect." *People v. Hunter*, 2017 IL 121306, ¶ 20. Here, the statute specifically provides that its effective date was to be January 1, 2014.

¶ 23     The supreme court rejected an argument similar to defendant's in *People v. Richardson*, 2015 IL 118255. There, the defendant was indicted in June 2013 on two counts of criminal sexual abuse that he allegedly committed in 2012, when he was 17 years old. After the governor signed the amendment to the Juvenile Court Act in July 2013, the defendant argued that it violated equal protection to treat someone who committed an offense after the amendment's effective date

7

differently from someone who committed the same offense before that date. The supreme court disagreed.

¶ 24 The amendment included a saving clause that provided: " '[t]he changes made to this Section by this amendatory Act of the 98th General Assembly apply to violations or attempted violations committed on or after the effective date of this amendatory Act.' " *Id.* ¶ 3 (quoting 705 ILCS 405/5-120 (West Supp. 2013)). The court found that the saving clause was rationally related to the legislature's goal of including 17-year-olds within the jurisdiction of the Juvenile Court Act. *Id.* ¶ 10. The court explained:

"By limiting the amendment's application to violations or attempted violations committed on or after the effective date, an accused, as well as the courts, are on notice as to whether the Juvenile Court Act will apply in certain proceedings. The saving clause also ensures that cases already in progress would not have to restart in the juvenile division of the court and that defendants could not manipulate or delay their proceedings to take advantage of the amendment's effective date. We acknowledge that statutory amendments which apply to some but not to others may appear unfair to a certain extent. This is particularly true with ameliorative amendments such as the amendment here. Nevertheless, statutory changes must have a beginning. The simple fact that the saving clause precludes the amendment from applying to some 17-year-olds such as defendant does not defeat its constitutionality. Here, the legislature's chosen effective date bears a rational relationship to the legislature's goal of extending the exclusive jurisdiction provision of the Juvenile Court Act." *Id.*

See also *Hawthorne*, 2024 IL App (1st) 220127, ¶ 30 (change to the Juvenile Court Act in 2014 made clear that its amendment was prospective only).

8

¶ 25    The cases defendant cites clearly indicate that the date on which the defendant committed the AHC offense is the critical date. In *Dawson*, the court held that the State had failed to prove "that defendant had two qualifying adult convictions under the law in effect at the time of his armed habitual offense." *Dawson*, 2022 IL App (1st) 190422, ¶ 48, *vacated on other grounds*, 238 N.E.2d 299 (2024); see also *Gray*, 2021 IL App (1st) 191086, ¶ 16, *rev'd on other grounds*, 2024 IL 127815.

¶ 26    As another court explained:

> "To be convicted of being an armed habitual criminal, a defendant must be shown to have received, sold, possessed, or transferred any firearm and, at the time of that conduct, the defendant had at least two prior convictions for criminal offenses described in subsections (a)(1) through (a)(3). Stated differently, for a defendant's conviction to serve as a predicate conviction for the offense of being an armed habitual criminal, the conviction must be for an offense described in subsections (a)(1) through (a)(3) at the time of the underlying conduct that resulted in the armed habitual criminal charge." *People v. Irrelevant*, 2021 IL App (4th) 200626, ¶ 35, pet. for leave to appeal pending, No. 128048 (filed Jan. 6, 2022).

¶ 27    Contrary to defendant's argument, it is entirely logical to define criminal conduct by the statute in effect at the time the conduct took place, so that a person of ordinary intelligence is able to "distinguish between lawful and unlawful conduct so that he or she may act accordingly." *People v. Maness*, 191 Ill. 2d 478, 483-84 (2000).

¶ 28                                    CONCLUSION

¶ 29    For these reasons, we affirm the circuit court's judgment.


¶ 30    Affirmed.