2026 IL App (4th) 250631

NO. 4-25-0631

FILED
March 2, 2026
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| TRESSIE NESEMEIER, | ) | Appeal from the |
|     Petitioner-Appellant, | ) | Circuit Court of |
|     v. | ) | Winnebago County |
| MIGUEL ZARATE, | ) | No. 24OP1175 |
|     Respondent-Appellee. | ) | |
| | ) | Honorable |
| | ) | Joseph P. Bruscato, |
| | ) | Judge Presiding. |

---

JUSTICE LANNERD delivered the judgment of the court, with opinion.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment and opinion.

**OPINION**

¶ 1      In May 2024, the trial court granted petitioner Tressie Nesemeier's petition for an emergency civil no contact order against respondent Miguel Zarate. Respondent later pleaded guilty to one count of battery in Winnebago County case No. 24-CM-877 in connection with the allegations set forth in the petition. In June 2024, the court allowed petitioner's motion to have her petition heard in criminal court under article 112A of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/art. 112A (West 2024)). Respondent filed a motion to reconsider, asserting petitioner was not entitled to a civil no contact order under article 112A because respondent was not convicted of a "sexual offense." The court granted respondent's motion to reconsider but entered a plenary civil no contact order against respondent by agreement under section 215 of the Civil No Contact Order Act (Act) (740 ILCS 22/215 (West 2024)).

¶ 2    Petitioner appeals, asserting the court erred when it granted respondent's motion to reconsider because she was entitled to a civil no contact order under article 112A. Additionally, *amicus curiae* Chicago Alliance Against Sexual Exploitation (CAASE) (consisting of the Illinois Coalition Against Sexual Assault, Legal Aid Chicago, the YWCA Metropolitan Chicago, the Northwest Center Against Sexual Assault, Life Span, and Resilience) has filed a motion for leave to file a brief in support of petitioner's position in the instant case and has attached a proposed brief to its motion. Respondent has not filed a brief on appeal.

¶ 3    CAASE's motion for leave to file an *amicus curiae* brief in the instant case is granted.

¶ 4    On the merits, we conclude the trial court erred when it granted respondent's motion to reconsider the transfer of the petition to criminal court. Specifically, we hold that, under section 112A-11.5(a)(4) of the Procedure Code (725 ILCS 5/112A-11.5(a)(4) (West 2024)), petitioner made a *prima facie* showing respondent committed a sexual offense because the Winnebago County circuit court had previously entered a protective order—*i.e.*, an emergency civil no contact order—in a separate civil case brought by petitioner against respondent. Accordingly, we reverse the court's judgment and remand for further proceedings consistent with this opinion.

¶ 5                        I. BACKGROUND

¶ 6    In May 2024, petitioner filed her verified petition for a civil no contact order against respondent. In her petition, petitioner alleged as follows:

> "[Respondent] was mowing the lawn and when I got home he got off the lawn mower and came over to me. I held out my hand to shake and when he took my hand he pulled me into a bear hug. He was telling me I was beautiful. He was

holding me tight and rubbing his genitals on me and he was erect. He let go and I asked him how long he would be there and he said about an hour. I went inside and he went back to work. He finished the lawn and came to the door and I stepped halfway out and asked him where I could send his money. He grabbed my arm and pulled me all the way out of my house. He picked me up and put me again in a bear hug and was rubbing his genitals on me. He was sticking his tongue in my ear and telling me he loved me. He was trying to kiss me and telling me he wanted this and that I wanted it while trying to push me into my house. I told him he didn't even know me and that he needed to go home and take a shower. I was able to get him away and I went back into my house and locked the door."

¶ 7 On May 3, 2024, the trial court entered an emergency civil no contact order against respondent. On May 14, 2024, the State charged respondent with battery (720 ILCS 5/12-3(a)(2) (West 2024)) in case No. 24-CM-877. The criminal complaint alleged respondent "knowingly made physical contact of an insulting or provoking nature with [petitioner], in that he picked her up in a bear hug, kissed her face and ear, rubbed her body with his erect penis through his pants and grabbed her by the wrist."

¶ 8 On June 14, 2024, petitioner filed a motion for leave to amend the verified petition for a civil no contact order, requesting the petition be heard in criminal court under article 112A. A few weeks later, the court granted petitioner's motion, transferring the petition to criminal court to be heard in conjunction with respondent's criminal prosecution for battery. On August 8, 2024, petitioner filed a memorandum of law in support of her entitlement to a civil no contact order under article 112A, which indicated the Winnebago County circuit court had previously granted petitioner's motion for an emergency civil no contact order.

¶ 9 In March 2025, respondent filed a motion to reconsider the trial court's order transferring the petition to criminal court under article 112A. In the motion, respondent indicated he had pleaded guilty to misdemeanor battery and had been sentenced to probation in case No. 24-CM-877. Respondent asserted he had not been convicted of a "sexual offense," and therefore, a petitioner was not entitled to have her petition heard in criminal court under the requirements of section 112A-11.5 of the Procedure Code (725 ILCS 5/112A-11.5 (West 2024)). In her response, petitioner argued that, although respondent had not been convicted of a sex offense under article 11 of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/art. 11 (West 2024)), the conduct alleged in the criminal complaint for battery was sexual in nature and therefore respondent had been convicted of a "sexual offense" for purposes of section 112A-11.5 of the Procedure Code.

¶ 10 The trial court conducted a hearing on respondent's motion to reconsider in April 2025, and it granted the motion in May 2025. The court reasoned,

"[T]his Court believes that the Court should also recognize the State's Attorney's Office's [decision] not to bring a charge that would qualify for a civil order of protection to be converted to a criminal order of protection. *** [T]he State's Attorney's Office, in its discretion, could have chose not to bring a charge, but could also choose to bring a charge of battery. And that's what they did. And I think the Court is moving beyond its authority to make a decision that essentially overrides, in this Court's opinion, the discretion of the State's Attorney in determining what the State's Attorney should have done versus what the State's Attorney chose to do."

¶ 11 At the hearing granting respondent's motion to reconsider, petitioner indicated her intention to pursue a plenary civil no contact order and requested the petition be set for a hearing.

However, respondent admitted the allegations in the petition and agreed to the entry of a plenary civil no contact order under the Act for a duration of two years. The trial court accepted respondent's admission and entered (1) a plenary civil no contact order and (2) a separate written order granting respondent's motion to reconsider.

¶ 12    This appeal followed.

¶ 13                                II. ANALYSIS

¶ 14    On appeal, petitioner and CAASE ask this court to reverse the trial court's order granting respondent's motion to reconsider. Petitioner and CAASE argue the court erred when it determined it lacked authority to consider her petition for a civil no contact order in criminal court under article 112A. Specifically, petitioner contends her petition was eligible to be heard under article 112A because the allegations in the criminal complaint against respondent were sexual in nature, and therefore, his battery conviction qualified as a "sexual offense."

¶ 15    As stated above, respondent has not filed a brief in this appeal. Under these circumstances, this court is not compelled to serve as an advocate for respondent or "required to search the record for the purpose of sustaining the judgment of the trial court." *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). Instead, this court has two choices:

> "[I]f the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal. In other cases if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record the judgment of the trial court may be reversed." *Id.*

¶ 16    We conclude petitioner's brief demonstrates *prima facie* reversible error and her

contentions therein are supported by the record. We hold the trial court erred when it granted respondent's motion to reconsider the transfer of the petition for a civil no contact order to criminal court under article 112A where the entry of the initial emergency civil no contact order constituted *prima facie* evidence of a sexual offense under section 112A-11.5(a)(4) of the Procedure Code (725 ILCS 5/112A-11.5(a)(4) (West 2024)). Accordingly, we reverse the court's judgment and remand with directions for further proceedings consistent with this opinion.

¶ 17                                  A. Civil No Contact Orders

¶ 18          Under section 213(a) of the Act (740 ILCS 22/213(a) (West 2024)), the trial court may enter a civil no contact order upon verified petition if it "finds that the petitioner has been a victim of non-consensual sexual conduct or non-consensual sexual penetration." The Act defines " '[s]exual conduct,' " in relevant part, as "any intentional or knowing touching or fondling by the petitioner or the respondent, either directly or through clothing, of the sex organs, anus, or breast of the petitioner or the respondent *** for the purpose of sexual gratification or arousal of the petitioner or the respondent." *Id.* § 103. Section 102 of the Act, titled "Purpose," states as follows:

> "Sexual assault is the most heinous crime against another person short of murder. Sexual assault inflicts humiliation, degradation, and terror on victims. According to the [Federal Bureau of Investigation], a woman is raped every 6 minutes in the United States. Rape is recognized as the most underreported crime; estimates suggest that only one in seven rapes is reported to authorities. Victims who do not report the crime still desire safety and protection from future interactions with the offender. Some cases in which the rape is reported are not prosecuted. In these situations, the victim should be able to seek a civil remedy requiring only that the offender stay away from the victim." *Id.* § 102.

¶ 19　　　　There are two types of civil no contact orders under the Act: emergency (*id.* § 214) and plenary (*id.* § 215). An emergency civil no contact order does not require notice and service of process on the respondent, while notice and service of process are required for a plenary civil no contact order. *Id.* §§ 214(a)(3), 215(3)-(4). Additionally, an emergency civil no contact order is effective for no less than 14 days and no more than 21 days (*id.* § 216(a)), and a plenary civil no contact order is "effective for a fixed period of time, not to exceed 2 years" (*id.* § 216(b)). However, "[a] civil no contact order entered in conjunction with a criminal prosecution or delinquency petition shall remain in effect as provided in Section 112A-20 of the [Procedure Code]." *Id.*

¶ 20　　　　In contrast to the purpose of the Act, which indicates an intention to protect sexual assault victims from perpetrators in cases where the assault is not reported or prosecuted criminally, article 112A of the Procedure Code states its purpose as follows:

> "The purpose of this Article is to protect the safety of victims of domestic violence, sexual assault, sexual abuse, and stalking and the safety of their family and household members; and to minimize the trauma and inconvenience associated with attending separate and multiple civil court proceedings to obtain protective orders." 725 ILCS 5/112A-1.5 (West 2024).

Accordingly, section 112A-2.5 provides that the trial court may enter the following protective orders "in conjunction with a delinquency petition or a criminal prosecution: (1) a domestic violence order of protection in cases involving domestic violence; (2) a civil no contact order in cases involving sexual offenses; or (3) a stalking no contact order in cases involving stalking offenses." *Id.* § 112A-2.5. The court shall grant a petition under article 112A if it "finds *prima facie* evidence that a crime involving domestic violence, a sexual offense, or a crime involving stalking

- 7 -

has been committed." *Id.* § 112A-11.5(a). *Prima facie* evidence includes the following:

"(1) an information, complaint, indictment, or delinquency petition, charging a crime of domestic violence, a sexual offense, or stalking or charging an attempt to commit a crime of domestic violence, a sexual offense, or stalking;

(2) an adjudication of delinquency, a finding of guilt based upon a plea, or a finding of guilt after a trial for a crime of domestic battery, a sexual crime, or stalking or an attempt to commit a crime of domestic violence, a sexual offense, or stalking;

\*\*\* *or*

(4) the entry of a protective order in a separate civil case brought by the petitioner against the respondent." (Emphasis added.) *Id.* § 112A-11.5(a)(1)-(2), (4).

"[A]ny victim of non-consensual sexual conduct or non-consensual sexual penetration on whose behalf the petition is brought" is protected by article 112A "in cases involving sexual offenses." *Id.* § 112A-4(a-5)(1). Additionally, a petition for a civil no contact order under article 112A may be filed "by any person who is a named victim of non-consensual sexual conduct or non-consensual sexual penetration, including a single incident of non-consensual sexual conduct or non-consensual sexual penetration," or by the state's attorney on behalf of the named victim. *Id.* § 112A-4.5(b)(1)-(2). Accordingly, "article 112A places the authority with either the victim or the prosecutor to petition for a no-contact order, specifically attendant to a criminal prosecution." *People v. Deleon*, 2020 IL 124744, ¶ 51.

¶ 21        Article 112A does not define the term "sexual offense" but defines " '[n]on-consensual' " as "a lack of freely given agreement" (725 ILCS 5/112A-3(c)(3) (West 2024)) and

" '[s]exual conduct' " as "any intentional or knowing touching or fondling by the petitioner or the respondent, either directly or through clothing, of the sex organs, anus, or breast of the petitioner or the respondent *** for the purpose of sexual gratification or arousal of the petitioner or the respondent" (*id.* § 112A-3(c)(6)). Both "non-consensual" and "sexual conduct" are defined "[f]or the purposes of cases involving sexual offenses." *Id.* § 112A-3(c).

¶ 22    In contrast to a civil no contact order under the Act, which fixes the duration of a plenary order to no more than two years (740 ILCS 22/216(b) (West 2024)), a civil no contact order entered under article 112A (as relevant to the facts in this case) shall remain in effect "until 2 years after the expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, aftercare release, or mandatory supervised release." 725 ILCS 5/112A-20(b)(3) (West 2024). Additionally, at the victim's request, a civil no contact order may remain in effect permanently "if a judgment of conviction for criminal sexual assault, aggravated criminal sexual assault, criminal sexual abuse, *** or aggravated criminal sexual abuse is entered." *Id.* § 112A-20(b)(6). In sum, article 112A provides the named victim with a civil no contact order of potentially longer or permanent duration compared to the strict two-year limit provided under section 216(b) of the Act (740 ILCS 22/216(b) (West 2024)).

¶ 23                    B. Statutory Construction

¶ 24    In this case, the trial court's judgment turned on the issue of whether respondent's criminal prosecution for battery qualified as a "sexual offense" under section 112A-2.5(2) of the Procedure Code, which would authorize the court to consider the petition under article 112A. See 725 ILCS 5/112A-2.5(2) (West 2024). Because our analysis involves an issue of statutory interpretation, we review the trial court's determination *de novo*. *People v. Leib*, 2022 IL 126645, ¶ 28.

¶ 25        Our "primary objective" in statutory interpretation is to discern the intent of the legislature. *Id.* This analysis "begins with examining the plain and ordinary meaning of the statutory language, which is the surest and most reliable indicator of legislative intent." *Id.* "We review the statute as a whole, giving effect to each provision if possible, and seek to avoid an interpretation that would lead to absurd or unjust results." *People v. Hawthorne*, 2024 IL App (1st) 220127, ¶ 21. Additionally, "[w]e will not read into a statute exceptions, conditions, or limitations not expressed by the legislature." *Id.* Accordingly, this court will not resort to further aids of statutory construction if the language in the statute is "clear and unambiguous." *Leib*, 2022 IL 126645, ¶ 28.

¶ 26        Here, respondent was convicted of battery under section 12-3(a)(2) of the Criminal Code (720 ILCS 5/12-3(a)(2) (West 2024)). Under this section, "[a] person commits battery if he or she knowingly without legal justification by any means *** makes physical contact of an insulting or provoking nature with an individual." *Id.* On its face, the battery statute does not require any sexual act or sexual contact as an element of the offense. However, "contact of an insulting or provoking nature with an individual" may encompass certain sexual acts or contact, as was alleged in the criminal complaint to which respondent pleaded guilty in case No. 24-CM-877. See *id.*; see also, *e.g.*, *People v. Hayashi*, 386 Ill. App. 3d 113, 122-24 (2008) (upholding a battery conviction where the defendant allegedly fondled the victim's breasts and genitals during a chiropractic visit). Specifically, the criminal complaint alleged respondent committed the offense of battery in that he "knowingly made physical contact of an insulting or provoking nature with [petitioner], in that he picked her up in a bear hug, kissed her face and ear, rubbed her body with his erect penis through his pants and grabbed her by the wrist."

¶ 27        As noted above, "sexual offense" is not defined as used throughout article 112A

and does not cite any specific criminal statutes, such as those enumerated in article 11 of the Criminal Code (720 ILCS 5/art. 11 (West 2024)), titled "Sex Offenses." However, the legislature *has* provided multiple ways by which the petitioner may present *prima facie* evidence that such a crime has occurred, including "the entry of a protective order in a separate civil case brought by the petitioner against the respondent." 725 ILCS 5/112A-11.5(a)(4) (West 2024).

¶ 28   Here, we need not determine whether battery is a "sexual offense" under article 112A because we conclude, under the plain language of section 112A-11.5(a)(4) of the Procedure Code, petitioner presented *prima facie* evidence that respondent committed a sexual offense. See *id.* Accordingly, the trial court erred when it granted respondent's motion to reconsider the transfer of the petition to criminal court under article 112A.

¶ 29   First, petitioner was entitled to file a petition for a civil no contact order under section 112A-4.5(b) of the Procedure Code because she was "a named victim of non-consensual sexual conduct" based on the allegations in the criminal complaint against respondent. *Id.* § 112A-4.5(b)(1). Additionally, article 112A does not limit "sexual offenses" to those crimes enumerated under article 11 of the Criminal Code (720 ILCS 5/art. 11 (West 2024)). In her memorandum in support of transferring the petition to criminal court under article 112A, petitioner specified the Winnebago County circuit court had previously entered and extended an emergency civil no contact order in a separate civil case filed by petitioner against respondent. The record shows the emergency civil no contact order was initially entered May 3, 2024, and was extended until the court entered the plenary civil no contact order on May 20, 2025. Under article 112A, a "protective order" includes a civil no contact order. 725 ILCS 5/112A-3(a) (West 2024). Under this definition, both (1) the emergency civil no contact order and (2) the plenary civil no contact order to which respondent stipulated constitute *prima facie* evidence of a sexual offense under section 112A-

11.5(a)(4) of the Procedure Code. See *id.* § 112A-11.5(a)(4).

¶ 30　　　　Finally, because we conclude the statute is clear and unambiguous, we need not resort to the additional aids of statutory construction asserted by petitioner and *amicus curiae* in their briefs. See *Leib*, 2022 IL 126645, ¶ 28.

¶ 31　　　　　　　　　　　III. CONCLUSION

¶ 32　　　　For the reasons stated, we reverse the Winnebago County circuit court's judgment granting respondent's motion to reconsider. Here, given the procedure the court previously employed, we remand with directions to transfer the amended petition back to criminal court and for further proceedings consistent with this opinion. The plenary civil no contact order entered on May 20, 2025, shall remain in effect under the terms therein unless and until it is superseded by further order of the Winnebago County circuit court.

¶ 33　　　　Reversed and remanded with directions.

*Nesemeier v. Zarate*, 2026 IL App (4th) 250631

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Winnebago County, No. 24-OP-1175; the Hon. Joseph P. Bruscato, Judge, presiding. |
| **Attorneys for Appellant:** | Jesse P. Hodierne, of Prairie State Legal Services, Inc., of Rockford, for appellant. |
| **Attorneys for *Amicus Curiae*:** | Elizabeth Payne and Melanie Martin, of Chicago Alliance Against Sexual Exploitation, for *amicus curiae*. |